THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. AMERICAN SUGAR REFINING COMPANY OF NEW YORK, Respondent.

Second Department, March 1, 1918.

Pleading — suit by the People to set aside land grants — demurrer. — complaint too indefinite for determination of rights of plaintiff.

In an action brought by the People of the State to set aside certain letters patent granting lands to several corporations it appeared that some of the grants stated that they were made for the purpose of promoting the commerce of the State, or for the beneficial enjoyment by the adjacent owner and for no other purpose, and reserved to the People the free use of certain lands under water which were included in the grants which were also made upon the condition that the corporations or their assigns should erect docks and fill in the same. Grants to other corporations purported to be made for similar purposes except that the words " or for the beneficial enjoyment of the same by the adjacent owner " were omitted.

On demurrer by the defendant complaint examined, and held, to be so indefinite in the allegation of facts as to make it impossible for the court to determine the rights of the plaintiff and that the defendant's motion for judgment on the pleadings was properly granted.

APPEAL by the plaintiff, The People of the State of New York, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of March, 1917, denying its motion for judgment on the pleadings, consisting of an

amended complaint and the demurrer thereto, and also from an order entered in said clerk's office on the same day granting defendant's motion for judgment on the pleadings and dismissing the complaint.

*Robert P. Beyer, Deputy Attorney-General [Merton E. Lewis, Attorney-General,* with him on the brief], for the appellant.

*James M. Beck [Henry F. Cochrane* with him on the brief], for the respondent.

THOMAS, J.:

The defendant demurred to the complaint and each party moved for judgment, but it was ordered for defendant. The action is to vacate certain letters patent issued by the State to several corporations, to wit, June 30, 1868, to the Long Island Sugar Refinery, Exhibit A; June 30, 1868, to John G. Williams, Exhibit B; May 7, 1869, to Lur Wintjen, Exhibit, C; October 21, 1875, to Frederick C. Havemeyer, Exhibit D; October 21, 1875, to Frederick C. Havemeyer, Exhibit E; October 21, 1875, to Frederick C. Havemeyer, Exhibit F; December 28, 1883, to Brooklyn Sugar Refining Company, Exhibit G; May 6, 1884, to Frederick C. Havemeyer, Exhibit H. The first three severally declare that the grant is " for the purpose of promoting the Commerce of our said State or for the beneficial enjoyment by the adjacent owner, and for no other object or purpose whatsoever, and with the reservations and upon the conditions hereinafter mentioned." After the description of land under water, there follows in Exhibit A: " Excepting and Reserving to all and every the said People, the full and free right, liberty and privilege of entering upon and using all and every part of the above described premises, in as ample a manner as they might have done had this power and authority not been given, until the same shall have been actually appropriated and applied to the purposes of Commerce, or for the beneficial enjoyment of the same by the adjacent owner by erecting a Dock or Docks thereon. And these presents are upon the express condition that if the said ' The Long Island Sugar Refinery ' or assigns shall not within ———— years from the date hereof actually appropriate and apply the above described premises

to the purposes of Commerce or for the beneficial enjoyment of the same by the adjacent owner, by erecting a Dock or Docks thereon and filling in the same, then these presents and everything herein contained shall cease, determine and become void." The language in Exhibits B and C is the same save the names of the grantees. The other five patents are " for the purpose of promoting the Commerce of our said State and for no other object or purpose whatsoever, and with the reservations and upon the conditions hereinafter mentioned," and the excepting and reserving clause is similar to that in the first three, save in this important particular, that there is omitted the words " or for the beneficial enjoyment of the same by the adjacent owner." In other words, the first three patents are " for the purpose of promoting the Commerce of our said State or for the beneficial enjoyment by the adjacent owner," and the other five are for the purpose of promoting commerce. It may be that an expert person could lay the grants down on a map so as to show what land each patent conveys, and how each piece lies in relation to the others, but the complaint or argument does not aid in that regard. It is inferable that all the land granted lies together, as the place seems to be used for a common business. I judge from the argument that the grants in 1883 and 1884 overlie some of the other grants, but which or to what extent does not appear. The complaint is deficient in allegation, and contradictory. The plaintiff's theory on the argument is that the defendant was obliged to build docks; that it has omitted to do so, and that plaintiff may enter for breach of a condition subsequent. The complaint charges that the defendant or its predecessors have erected " upon each and every one of the said portions of land * * * factory buildings," and uses them for sugar refining. But it does not allege that all the land is so occupied. Then follows a declaration that such buildings " are not docks nor any part of a dock or docks nor are they nor is any one of them used for dock purposes nor is their use the beneficial enjoyment of a dock or docks." Then there is allegation that the buildings and land are not used " for the purpose of promoting the commerce of this State, nor is their erection for exclusive private use authorized by said patents," thereby contradicting

in part the earlier statement that the buildings are used by defendant " in its private business of sugar refining." Then follows a declaration: " That such docks as have been built by authority of said patents are so covered and obstructed by the said buildings and structures that the People are unreasonably and unnecessarily prevented from using the same for the purposes of commerce, and the said docks have been converted by the defendant into private docks solely for its own use in its private business of sugar refining, which exclusive use is an injury to the commerce of this State." In order to declare forfeiture, it was necessary to declare that docks had not been duly built, but after seemingly suggesting that there were no docks, here is an allegation that docks have been built and appropriated solely for the use of the defendant in its private business of sugar refining. But the first three patents permit the use of the land for the beneficial enjoyment by the adjacent owner. The court is now informed that docks have been built, but where or in connection with what grant is wholly unknown. The charge that the People are unreasonably and unnecessarily prevented from using such docks as have been built is a mere statement of a conclusion that furnishes no clue to the facts upon which it purports to be based. If it can be inferred from the complaint that there was a breach of condition subsequent in that the defendant had not built docks, yet it may be concluded also that the docks have been built and that the defendant is using them, and there follows a conclusion that the People are excluded from using them. That would not justify an annulment of the patents, but would at the most proffer an issue that there was an unreasonable appropriation of the docks to the exclusive use of the defendant. But some of the land granted, and perhaps the land where the docks are, was for the beneficial enjoyment of the grantee, and without some statement of fact with which issue can be taken it cannot be decided whether the appropriation of the docks exclusively for the beneficial use of the defendant is a violation of the plaintiff's rights or any rights represented by it. It is inferable, and it must be known from the briefs and otherwise, that the locality is in some way occupied by a sugar refining company whose business is of great magnitude and

that its place of business is situated along one of the principal waterways of the country. If it be the intention of the complaint to suggest that no docks have been built in connection with such a site and business, it should be declared so that there may be no misunderstanding, and if the facts justify a statement that docks have been built but that no vessels except those employed in connection with defendant's industry are allowed to use the docks, and that the exclusion is unreasonable, then that should appear. In other words, the plain truth should be stated in such a definite way that the court can look at the facts and apply the law. In the present state of the pleading, that is impossible.

The orders should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., MILLS, RICH and BLACKMAR, JJ., concurred.

Orders affirmed, with ten dollars costs and disbursements.