KNOCKLONG CORP., Appellant-Respondent, v. LONG ISLAND STATE PARK COMMISSION et al., Respondents-Appellants.— In an action pursuant to article 15 of the Real Property Law to compel the determination of adverse claims to real property, the defendants appeal from so much of an order as denies their motion for summary judgment, and the plaintiff appeals from so much of the order as denies its cross motion to dismiss and strike out certain defenses and counterclaims and for judgment for the relief prayed for in the complaint pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, without costs.

Plaintiff's claim to title is based on an alleged tax deed. The defendants by amended answers claim title was in the defendant People by escheat prior to the tax sale relied upon by plaintiff (cf. N. Y. Const., art. I, § 10, and *Matter of People* [*Melrose Ave.*], 234 N. Y. 48). Defendants also plead that prior to the joinder of issue the defendant People appropriated any of the property of which it did not previously hold title, in a proceeding initiated by the defendant, Long Island State Park Commission. The description in that proceeding referred to the appropriation of " All right, title and interest, not heretofore acquired and now vested in The People of the State of New York * * * to lands * * * bounded and described as follows: ". The parcel involved in this action was then specifically described by metes and bounds. Defendants claim that the Northern State Parkway, which is under the jurisdiction and control of the defendant commission (Conservation Law, §§ 672, 672-a) passes through a portion of this parcel. A defense and counterclaim based on this appropriation are pleaded in the amended answers. In view of the form of the sixth defense and counterclaim, which realleges escheat and the conditional appropriation, and the absence of a denial by plaintiff of the appropriation, Special Term properly denied both motions for summary judgment. An action under article 15 of the Real Property Law is essentially an action for a declaratory judgment. (Real Property Law, § 506.) The Supreme Court did not lose jurisdiction by the assertion of the sixth defense and counterclaim. The defendants asked for a determination of the title to the premises. Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.