Charles Lambiase, J.
The Genesee State Park Commission, pursuant to section 676-a of the Conservation Law of the State of New York, did on or about October 13, 1959 acquire, through eminent domain, property of Cornelia B. Buell above named, deemed necessary by said commission to be acquired for the purposes of the Lake Ontario State Parkway.
Cornelia B. Buell, above named, instituted an article 78 of the Civil Practice Act proceeding against the above-named respondent, Genesee State Park Commission, in which she alleges, among other things, “ That on information and belief the said attempted appropriation of Petitioner’s property was not in fact for purposes of Lake Ontario State Parkway, as stated in said appropriation papers, nor for any public use, but solely for a private use, namely that of obtaining income from the rental thereof”. (Petition, par. sixth, in part.) And the object of which is stated in the prayer for relief as follows: 11 wherefore, Petitioner prays, pursuant to Article 78 of the Civil Practice Act, for an order nullifying the said attempted appropriation of Petitioner’s property, and a determination that title to said premises remains in Petitioner, unaffected by said attempted appropriation; that an order issue immediately directing the Bespondent to show cause why said relief should not be granted, which order to show cause shall also direct that pending the final order herein and until the further order of this Court, any further proceedings on the part of Bespondent in relation to or pursuant of the said attempted appropriation of Petitioner’s property be stayed; and for such other and further relief as the Court may deem just' and proper.” By show cause order issued in said proceeding, respondent has been stayed as requested in the prayer for relief.
Upon the return day, the article 78 proceeding was adjourned and pending this adjournment, petitioner therein commenced an action under article 15 of the Beal Property Law against the People of the State of New York, Genesee State Park Commission, and the Superintendent of Public Works of the State of New York, in which she alleges the “ attempted ” appropria *843 tion to be illegal, ineffective, and invalid for the same reason set forth in her article 78 proceeding, and in which she pleads a second cause of action for a threatened trespass and entering upon her premises causing damages and injury. The prayer therein is as follows:
‘ ‘ A. That the defendants and each and every one of them, and every person claiming under them or under any of them be barred from all claim to an estate or interest in the property described in Paragraph Fourth of this complaint;
“ B. That it be adjudged and finally determined that Plaintiff is the lawful owner and is vested with an absolute and unencumbered title in fee to the property described in Paragraph Fourth of this complaint;
“ C. That-the defendants Genesee State Park Commission and Superintendent of Public Works of the State of New York, and their officers, agents, servants, employees, contractors, subcontractors and successors be perpetually enjoined and restrained from entering on Plaintiff’s said premises and doing any act in contravention of the Plaintiff’s ownership thereof;
‘ ‘ D. That the Plaintiff recover her costs and disbursements against any and all defendants answering therein; and
“ E. That the Plaintiff have such other and further relief as to the Court may seem just and proper.”
In sum, Cornelia B. Buell above named, is contesting the appropriation of her lands and has instituted an article 78 proceeding and an article 15 of the Beal Property Law action in attempts to set aside the appropriation by the State. She does not claim that there has not been compliance with the requirements of section 676-a of the Conservation Law. She does, however, in both of the pending court matters, in effect, allege that the appropriation was for a private and not a public use.
There is a motion now before us in the article 78 proceeding to dismiss the same on the grounds: that there is an action pending for the same relief in an article 15 of the Beal Property Law action, so-called; that the same does not set forth a cause of action; that the court has no jurisdiction of the subject matter in this proceeding; and for such other and further relief as to the court may seem just and proper. There is also a motion in the Beal Property Law article 15 action to dismiss on the grounds that there is another proceeding pending for the same relief, and for such other and further relief as to the court may seem just and proper.
*844 It is agreed among the parties that there cannot be both the proceeding and the action pending in this court for the same relief. Petitioner states that she is uncertain upon which one to proceed, and that she seeks clarification herein as to the proper procedure to follow. (Stipulation dated March 29, 1960.)
‘1 Eminent domain is one of the soverign powers inherent in the State as soverign to take private proprty for public use. It is a reserved right or inextinguishable attribute of sovereignty exercisable by the State, or its authorized agent to effect a public good whenever public necessity requires. The only limitation upon the exercise of the power is that the use must be public, compensation must be made, and due process of law observed. * * * [Citations] The power is exerted through the legislative branch which alone, within those constitutional limitations and completely independent of the other branches, may proceed to determine the necessity and prescribe the method and extent of the taking. [Citation] * * * As the legislative branch alone may determine the necessity and prescribe the method and extent of the taking, it may also delegate the duty of determining necessity or expediency in the acquisition of private property to a tribunal of its creation or choice and the opinion arrived at and decision made are political and judicial. [Citation.] Whether the use for which the property is authorised tobe taken is a public use is a judicial question, but the question of the necessity of the taking for public use is exclusively a legislative one and the Legislature has the right to designate officers, bodies or tribunals to determine exigency or necessity. The decision of the Legislature or of its instrumentality is conclusive. [ Citations. ]
“ The objection that the appropriation of property is not for a public use may be raised not alone by the owner but by any person interested, even as a taxpayer [citations] ”. (Emphasis supplied.) (Matter of Bronx Chamber of Commerce v. Fullen, 174 Misc. 524, 528-529.) Cornelia R. Buell, above mentioned, may question whether the use for which the property is authorized to be taken is a public use.
“ The writ of certiorari is appropriate only to review the judicial action of inferior courts or of public officers or bodies exercising under the laws judicial functions; and there is no authority to be found in the reports of this state sanctioning its use for any other purpose. When the action of a public officer, or of a public body, is merely legislative, executive or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari [citing cases] (People *845 ex rel. Trustees of Vil. of Jamaica v. Board of Supervisors of Queens County, 131 N. Y. 468, 471; Matter of Schulman v. McMorran, 9 A D 2d 1007.) Our conclusion is, therefore, that the article 78 Civil Practice Act proceeding is not the appropriate remedy.
An action under article 15 of the Beal Property Law is essentially an action for declaratory judgment. (Real Property Law, § 506; Knocklong Corp. v. Long Is. State Park Comm., 284 App. Div. 973.) As indicated hereinbefore, in her article 15 action plaintiff prays 11 That it be adjudged and finally determined that Plaintiff is the lawful owner and is vested with an absolute and unencumbered title in fee to the property described in Paragraph Fourth of this complaint ’ ’. In it she asks for a determination of the title to the premises involved herein. We have concluded, therefore, that the article 15 of the Beal Property Law action is plaintiff’s appropriate remedy.
The motion to dismiss the article 78 proceeding must be and hereby is in all respects granted; and the motion to dismiss the article 15 of the Real Property Law action containing the further alleged cause of action for trespass, must be and hereby is in all respects denied.