OPINION OF THE COURT
Jones, J.
Owners of land appropriated by the State over which they contend they were to have an easement of access for the benefit of premises retained may join the State as a party defendant to an action brought in a forum other than the Court of Claims, under article 15 of the Real Property Actions and Proceedings Law to determine claims to real property, and may recover therein judgment against the State establishing their easement, rescinding or reforming for that purpose instruments relating to that easement, and awarding them damages, if any, resulting from the State’s withholding of the easement. The State may also be made a party defendant in an action for partition.
Plaintiffs, as distributees of a deceased joint owner of real estate, brought an action in Supreme Court for partition of the property. After the action had been transferred to Surrogate’s Court an amended complaint was served joining the State of New York as a party defendant and setting forth five causes of action. The first cause, against the co-owners or their representatives and the State for a partition, alleged that, as a result of an appropriation of a portion of the property in 1967 by the State, there existed an easement of access over the parcel taken for the benefit of what had been made a landlocked segment of the original property. The second cause, "brought pursuant to Article 15 of the Real Property Actions and Proceedings Law of the State of New York to compel determination of claims to real property” against the State alone, set forth the details of the alleged creation of the easement, the acceptance by the landowners of a compensation agreement with an agreement by the State to provide access to public highways for the landlocked segment in exchange for the land taken, the failure by the State to provide an easement of access, and damages sustained as a result of that failure. The third cause alleged that the agreement of compensation had been entered into by the landowners without benefit of counsel, under duress and in reliance on the representation that an easement of access would be pro *82 vided and that there had been a failure of consideration. The fourth cause alleged that the agreement of compensation was entered into by mutual mistake of the owners and the State, and, to the extent that it did not state that the owners would receive an easement of access, that it did not express the actual agreement of the parties. The fifth cause simply repeated many of the prior allegations and added an allegation that plaintiffs were entitled to an easement of access. The complaint grouped together the relief sought by the second, third and fourth causes of action and stated that there was sought, alternatively, rescission of the agreement and vacatur of the transfer of title by appropriation, a requirement that the State give an easement, or return of possession of a portion of the appropriated premises so as to provide highway access, and, additionally, money damages. The relief sought by the fifth cause of action was a requirement that the State establish an easement or the return of property to plaintiffs so as to give them access to public roadways.
The State’s motion for dismissal of the amended complaint on the ground that the court lacked jurisdiction over it by reason of the exclusive jurisdiction vested in the Court of Claims was denied by the Surrogate.* The Appellate Division modified by dismissing the third, fourth and fifth causes of action.
The order of the Appellate Division should be affirmed.
Insofar as the second cause of action, instituted pursuant to article 15 of the Real Property Actions and Proceedings Law, is concerned, the State has waived its immunity from suit by virtue of section 1541 of the statute, which expressly authorizes the joinder of the People of the State as plaintiff or defendant in an action commenced to determine an adverse claim to real property. The relief available in such an action, to which the State as a party defendant is necessarily subject, includes declaration of the validity or invalidity of any claim to the subject real estate asserted by any party to the action, cancellation or reformation of instruments giving rise to any purported interest in the premises, an award of possession of the property, and damages sustained by reason of the withholding of any property interest established (Real Property Actions and Proceedings Law, § 1521, subd 1). Thus, any of the *83 various forms of relief requested by plaintiffs, other than partition, may be awarded, if appropriate to the proof adduced, on the second cause of action.
In seeking dismissal of the article 15 action the State relies on section 1515 of the statute, which requires that the complaint "set forth detailed facts showing the particular nature of the estate or interest and the reason for making the people a party defendant” and provides that, if such facts are not stated, the complaint shall be dismissed as to the State. It is asserted that, because plaintiffs have no title to an easement, the cause of action must be dismissed under this section.
Whether plaintiffs in fact have an easement across the land secured by the State in the 1967 taking is precisely the issue to be resolved in the litigation. To dismiss the second cause of action against the State at this point on the ground urged by it would be to resolve the issue on the merits adversely to plaintiffs without their having had an opportunity to prove their case. The allegations of the complaint — which is all that section 1515 addresses — are clearly sufficient to protect it against a dismissal under that section.
Nor is there any basis for dismissing the first cause of action, seeking a judgment of partition, with respect to the State. What is to be partitioned — whether an easement across State land is included — will depend on the outcome of the determination of the claims of the parties in the second cause of action pleaded. If an easement is found to exist, then the State, as owner of the servient estate, will be a proper party to the partitioning of the dominant estate. By reason of the waiver of its immunity with respect to partition actions accomplished by section 904 of the Real Property Actions and Proceedings Law, which denominates the State as a permissible defendant in an action for partition, the State is precluded from asserting a lack of jurisdiction over it as to the first cause of action.
A different result follows with respect to the third, fourth and fifth causes of action however. No reference is made by plaintiffs, either in their pleading or in their arguments or submissions in this court, to any statutory authority for proceeding against the State in a forum other than the Court of Claims on these causes of action insofar as they are to be regarded as discrete from the second, article 15 cause of action and insofar as they seek rescission or reformation of the agreement of compensation, the provision of an easement of *84 access by the State or the return of possession of a portion of the land appropriated. For actions of such a nature no waiver of the State’s immunity permitting suit outside the Court of Claims has been demonstrated. There was therefore no error in the dismissal of these causes of actions, which however should be of little consequence to plaintiffs in view of the panoply of remedies available to them under the article 15 action to determine claims to the property involved in this litigation.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, without costs. Question certified answered in the affirmative.

 There is no dispute between the parties that in this action transferred to it, Surrogate’s Court is vested with all the authority that might be exercised by Supreme Court (SCPA 209, subd 9).