■ JOHN W. VAN LAAK, JR., et al., Appellants-Respondents, v K. TERESA MALONE et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme Court, entered March 31, 1982 in Warren County, which, in an action pursuant to RPAPL article 15 dismissed plaintiffs' complaint and defendants' counterclaim, upon a decision of the court at Trial Term (Dier, J.), without a jury. Plaintiffs John W. Van Laak, Jr., and Marion Van Laak are the owners of a lot containing a summer residence on the easterly side of Atateka Drive in the Town of Chester, New York. Opposite their property on the westerly side of Atateka Drive lies the property of defendants K. Teresa Malone and Mary Bernice Malone, to the west of which is located Friends Lake, a body of water used by summer residents of the area for recreational purposes. Plaintiffs' parcel was originally part of a larger tract owned by the mother of defendants, Teresa Malone, and in 1950 Teresa Malone conveyed property, including that presently owned by plaintiffs, to William and Sarah White by a deed which included an easement to Friends Lake over what is now defendants' property and then belonged to Teresa Malone. The easement in question provided as follows: "ALSO the right of ingress and egress to Friends or Atateka Lake, to be used in common with Teresa Malone, her heirs, assigns, or representatives, and guests, over a route now used by Teresa Malone or one hereinafter designated to be used by Teresa Malone, her heirs, assigns, or representatives, together with the right to dock a rowboat as directed, in common with Teresa Malone, her guests, heirs, representatives or assigns, at the landing now used or which may hereinafter be designated by Teresa Malone, her heirs and assigns, as a place of ingress and egress, or for the docking of a boat of the Parties of the Second Part, their heirs and assigns." When plaintiffs purchased their lot from the Whites in 1963, their deed included the afore-mentioned easement, and since that time they have traveled between their parcel and Friends Lake by way of a route over what is now defendants' property as designated in accordance with the language of the easement. Defendants' property on the westerly side of Atateka Drive was transferred to them by Teresa Malone in 1964, and they notified plaintiffs in 1979 that they were designating a new location for plaintiffs' easement consisting of a roadway and a waterfront lot at the southerly bounds of defendants' property. Subsequently, on July 4, 1980, defendants chained off and thereby obstructed the original easement route, and in response plaintiffs commenced the instant action, pursuant to RPAPL article 15, to compel

determination of a claim to real property. In their action, plaintiffs sought a judgment granting them an easement over the original easement route under a claim of right or, alternatively, by prescription, and an injunction restraining defendants from interfering with their use of the original route, and defendants counterclaimed for an injunction restraining plaintiffs from using the original route and requiring them to use only the easement as designated by defendants in 1979. There followed a nonjury trial in Warren County on December 21 and 22, 1981, after which Trial Term found that defendants had the right to designate the new easement route and that the circumstances presented did not warrant an injunction against plaintiffs. Accordingly, it dismissed both plaintiffs' complaint and defendants' counterclaim, and the present appeals ensued. We hold that the challenged judgment should be affirmed and, in so ruling, find without merit plaintiffs' contention that defendants could not unilaterally designate a new location for plaintiffs' easement. The intent of the parties in creating an easement by express grant should be given effect, and here that intent can be readily ascertained by an examination of the unambiguous language in plaintiffs' deed which established the easement (see *Gross v Cizauskas,* 53 AD2d 969). That language, as quoted above, clearly gives defendants the right to designate unilaterally the location of the easement not only at the time of the grant but also subsequent to that date. Moreover, neither case law nor the language of the deed requires defendants to give a reason for the change of location or to seek plaintiffs' consent to the change, and plaintiffs' acceptance of the quoted language from their deed is akin to acquiescence to changes later made by defendants and should be deemed a consent to any reasonable change. Additionally, while the easement designated must be such as is reasonably necessary and convenient for the purpose for which it was created, i.e., to provide plaintiffs with access to Friends Lake and a place to dock a boat (*Le Sawyer v Squillace,* 14 AD2d 961, mot for lv to app den 11 NY2d 648), an examination of the record herein and particularly Trial Term's decision reveals that the court properly considered this issue and that the relocated easement provides plaintiffs with adequate docking facilities and access to the lake. It should also be noted that the "in common" language in the deed does not, as argued by plaintiffs, prohibit defendants from designating for plaintiffs a right of way which is not used by defendants themselves. Such a strained interpretation of that language would illogically result in defendants not being allowed to pass over their own land in traveling to the lake, and it seems obvious that the language was inserted into the easement merely to insure that plaintiffs would not claim a right to the exclusive use of the easement. Plaintiffs' remaining contentions are similarly unpersuasive. Since, as noted above, the relocated easement fulfills the purpose for which it was created in a reasonable and convenient manner, it is not significant that the land upon which the easement is now located was obtained by defendants subsequent to the grant of the easement to plaintiffs. Furthermore, the redesignation is not rendered ineffective because the newly designated easement passes over property not owned in fee by defendants and in which defendants possess only easements. By the express terms of these latter easements, it is obvious that they were intended to create in defendants an interest which they could use for their own benefit through personal use or through use by others, and absent use by others, such as plaintiffs, the easements would be of little value to defendants who have extensive access to the lake over their own parcel. Lastly, the notice to plaintiffs of the redesignation in the form of a letter was sufficient because the letter did not create or transfer any easement right, but merely served to inform plaintiffs of the new location for the easement already granted. As for defendants' counterclaim,

the court's dismissal thereof was likewise proper and should not be disturbed. Although plaintiffs have steadfastly maintained that they are entitled to continue using the original easement and, consequently, continued to cross defendants' property by way of the original easement route even after they were notified of the new location, there is nothing in the record which suggests that in the future they will continue to trespass on defendants' property in contravention of Trial Term's determination of their easement rights which we now affirm on these cross appeals. Such being the case, the extraordinary relief of an injunction is unnecessary and inappropriate (see *Electrolux Corp. v Val-Worth, Inc.,* 6 NY2d 556). Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.