■ JOSEPH DOWD et al., Respondents, v ERNEST AHR et al., Defendants, and RICHARD DRAKE et al., Appellants.—Weiss, J. Appeal from an order of the County Court of Warren County (Moynihan, Jr., J.), entered January 17, 1990, which, in an action pursuant to RPAPL article 15, declared that plaintiffs were entitled to build certain docks on Lake George.

In 1969 plaintiffs acquired a parcel of land on the west side of Lake George in Warren County containing frontage on the water and 10 housekeeping cottages which they rented for summer use. In 1974 plaintiffs subdivided the land into a subdivision called Westover Lodge containing 13 lots and a common area fronting on the lake used for swimming, recreation and boat docks. Plaintiffs thereafter began selling individual lots to defendants, or their predecessors in title, retaining to themselves four lots and the common area. On September 17, 1981 lot No. 8 was sold to Gustave Maywald and Nancy Maywald, whose deed included the following clause: "Together with a right to construct one dock up to 20 feet in length into the waters of Lake George from the lakeshore portion of the community property as shown on the above-mentioned map at a point to be designated by the grantors herein." The Maywalds constructed a dock at a location designated by plaintiffs and subsequently on November 12, 1985 conveyed their said lot to defendants Richard Drake and Barbara D. Drake (hereinafter collectively referred to as defendants).

Meanwhile, in May 1982, the lot owners had formed a not-

for-profit corporation named Westover Homeowners' Association and, by deed dated May 30, 1982, plaintiffs conveyed title to the common area and roadways to the Homeowners' Association. The deed excepted and reserved to plaintiffs lot Nos. 1, 2, 9 and 12 as shown on the subdivision map and contained the following reservation: "together with and subject to the following * * * c. Together with the right to construct a dock or docks at a suitable location approved by grantee from the aforementioned recreational property for the purpose of providing reasonable and adequate docking space for four (4) boats, not to exceed 18 feet in length (one (1) each for the owners or occupants of Lots 1, 2, 9, 12 as shown on the aforementioned map). Such location shall not however unreasonably interfere with the common use of the existing beach and swimming area." This reservation was also incorporated into the bylaws of the Homeowners' Association by a unanimous vote of the membership, including the Maywalds. At the time of this conveyance, eight stake docks had been constructed in the common area. By 1984 a dispute had arisen between plaintiffs and the Homeowners' Association centered on where the Homeowners' Association would permit plaintiffs to construct their docks. Regulations governing the construction of new docks had been promulgated by the Lake George Park Commission (6 NYCRR part 646) and required that a permit be obtained. Plaintiffs' expert opined that a variance would be required in order to construct additional docks.

Rather than seek a variance, plaintiffs commenced this lawsuit in County Court against the Homeowners' Association and its members seeking a declaration of their rights. The Maywalds were subsequently removed as parties and defendants were added. In a supplemental summons and amended complaint plaintiffs included a partition action. A trial by County Court without a jury was limited solely to the declaratory judgment action. Plaintiffs' expert, John Mason, testified as to various dock formations allowable under the Lake George Park Commission regulations and, as stated, opined that a variance would be required to permit construction of additional docks by plaintiffs. Mason testified that absent a variance, an entire realignment and possibly the removal of the existing docks would be required before additional docks could be constructed. In its decision in favor of plaintiffs, County Court held that "it was the intention of the parties to permit the plaintiffs to erect certain docks" and that such intention could only be effectuated by removing all of the

existing docks and constructing new docks, with the cost of demolition and construction to be prorated based on the number of docks to be utilized by each member of the Homeowners' Association. Only defendants have appealed.

Initially, we reject defendants' contention that County Court lacked subject matter jurisdiction to hear an action for declaratory judgment. While CPLR 3001 provides that "supreme court may render a declaratory judgment", defendants overlook Judiciary Law § 190 (1) which expressly confers upon County Court jurisdiction in an action "to compel the determination of a claim to real property under article fifteen of the real property actions and proceedings law, where the real property to which the action relates is situated within the county" (see, Knocklong v Long Is. State Park Commn., 284 App Div 973), which action is deemed to be essentially an action for a declaratory judgment (supra, at 974; see, Matter of Buell v Genessee State Park Commn., 25 Misc 2d 841, 845). Since the amended complaint states that "this action is brought pursuant to RPAPL Article 15", the subject of which is the resolution of claims to real property located in Warren County, we find no merit in defendants' argument. Nor do we find merit in defendants' contention that County Court lacked jurisdiction to render equitable relief in the action. While an action under RPAPL article 15 to compel a determination of a claim to real property is a statutory action, it has been described as a hybrid one in which the relief awarded is in large measure equitable in nature (New York & Brooklyn Suburban Inv. Co. v Leeds, 100 Misc 2d 1079, 1085; see, Hurley v Hurley, 50 NY2d 78, 82-83).

Turning to the merits, we note that defendants rely principally upon the fact that the deed from plaintiffs to the Maywalds (defendants' predecessors in title) was made and recorded in September 1981, some eight months prior to plaintiffs' deed to the Homeowners' Association. They argue that dock rights are considered real property (Bedlow v Stillwell, 158 NY 292; Smith v Mayor of City of N. Y., 68 NY 552) and that the real property law applies equally to docks (64 NY Jur, Wharves, § 31). They further contend that the priority of various dock rights is based upon the seniority of the grant of title among competing dock rights (Real Property Law § 291; see, People v American Sugar Ref. Co., 98 Misc 703, 708, affd 182 App Div 212). Thus, defendants assert that since their dock rights were conveyed to them prior to those retained by plaintiffs, their rights are paramount and superior to those of plaintiffs.

Plaintiffs, on the other hand, contend that the conveyances of lots were made according to a plan pursuant to which they retained ownership of all common areas, which included the lake frontage containing the beach, dock rights and the existing small docks. They point out that every conveyance made by them, including that to the Maywalds, included easements and rights-of-way in common with the other lot owners to the use of the common area for bathing and recreational purposes and that each lot owner was given the right to construct and use boat docks in common with the others. They argue that when the decision was made in 1982 to convey the common area to the newly formed Homeowners' Association, plaintiffs' right to use the common area for the same purposes was not only asserted by them, but that all of the lot owners, including the Maywalds, agreed with plaintiffs. They contend that the minutes of the Homeowners' Association meeting held in May 1982 in conjunction with acceptance of the deed to the common area confirms the unanimous agreement by all lot owners to recognize and accept these rights of plaintiffs. Since defendants joined the Homeowners' Association after acquiring their lot from the Maywalds, plaintiffs conclude they tacitly accepted and agreed to honor plaintiffs' dock rights.

The intent of the parties in creating an easement by express grant should be given effect where that intent can be ascertained by an examination of the language in the deed establishing the easement (Van Laak v Malone, 92 AD2d 964, 965). The easement language, when read in the context of the deed's other provisions evidencing equal rights and responsibility to and for the common areas and a common plan, appears to have left in the hands of the common area owners the right to designate, from time to time, the unspecified locations of the docks in order to accommodate the common plan and the common rights of each of the 13 lots. To the extent an ambiguity exists in the deed, the record clearly establishes the actual intent of the parties that each lot had the right to a dock (see, Wilson v Ford, 209 NY 186).

There is little doubt that plaintiffs gave to the Maywalds the same dock rights as they gave to all other purchasers of lots, at unspecified locations. Nor can it be doubted that plaintiffs reserved dock rights for each of the four lots they owned and that intention was expressed in the deed of the common area to the Homeowners' Association whose members reaffirmed it. Finally, there was no evidence at trial to prove, or even infer, that defendants disagreed or disputed plaintiffs' rights when they purchased their lot in 1985 and they became

members of the Homeowners' Association. The record shows that by the month of March 1984, plaintiffs were negotiating with the Homeowners' Association in an effort to agree upon locations for their boat docks to be constructed and accompany their lots. Nowhere is there proof in the record that defendants either disagreed with or objected to plaintiffs' rights. Their purchase after plaintiffs' rights had been established is akin to their acquiescence and should be deemed a consent to any reasonable change in dock locations necessary to accommodate the dock rights of the other 12 lots and the common usage of the community area (see, Van Laak v Malone, 92 AD2d 964, 965, supra; Le Sawyer v Squillace, 14 AD2d 961, lv denied 11 NY2d 648). Accordingly the order is affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.