2023 Westchester Assoc., LLC v Ben Ave, LLC (2021 NY Slip Op 00482)





2023 Westchester Assoc., LLC v Ben Ave, LLC


2021 NY Slip Op 00482


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 25085/18E Appeal No. 12973 Case No. 2020-03214 

[*1]2023 Westchester Associates, LLC, Plaintiff-Respondent,
v
Ben Ave, LLC, Defendant-Appellant.


Smith, Gambrell & Russell, LLP, New York (Victor M. Metsch of counsel), for appellant.
Solomon & Siris, P.C., Garden City (Stuart Siris of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about July 1, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff owns block 3932, lot 26, in the Bronx. Plaintiff's property is improved with a building and courtyard. Defendant owns block 3932, lot 50. Lot 50 is directly to the north of lot 26. Following the denial by the New York City Department of Buildings of plaintiff's application for a permit to build an addition over the courtyard "because of a concern that an easement may exist over the Courtyard . . . benefiting" defendant's property, plaintiff commenced the instant action. Plaintiff seeks a declaration that its property was "not burdened by an easement concerning the Courtyard in favor of" defendant's property and "that there is no easement concerning the use of the Courtyard."
In its motion for summary judgment, defendant submitted evidence that in 1947, lot 26 was sold "subject to" the following: "The court yard between the building on said premises and the building on the premises adjoining on the West is used as an entrance to the building on the premises adjoining on the North." Defendant also submitted evidence that in 1968, lot 26 was again sold "SUBJECT to an easement, namely, the courtyard between the building on said premises and the building on the premises adjoining on the West is used as an entrance to the building on the premises adjoining on the North."
In opposition, plaintiff, citing the "Stranger to the Deed" doctrine, argued that the owners of lot 26 could not create an easement benefiting land they did not own.
In reply, defendant submitted evidence that in 1928, the common owner of lots 26 and 50 recorded a declaration that the "premises fronting on Westchester Avenue" (i.e., plaintiff's property)
"shall at all times be subject to the easement of the right of any owner of the . . . premises fronting on Benedict Avenue [i.e., defendant's property] to maintain through the property . . . fronting on Westchester Avenue the private sewer . . . leading from the premises . . . fronting on Benedict Avenue . . . to the public sewer in Westchester Avenue."
Plaintiff submitted a sur-opposition arguing that the court should not consider evidence submitted for the first time on reply and that, in any event, the 1928 document was a sewer easement, not an easement for ingress and egress. Supreme Court denied defendant's motion for summary judgment.
Preliminarily, since plaintiff had the opportunity, via sur-opposition, to rebut the evidence of the 1928 declaration that defendant submitted for the first time on reply, we will consider it (see Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381 [1st Dept 2006]). We note however, that the 1928 declaration is for a sewer easement, not an easement for ingress and egress. "Easements by express grant are construed to give effect to the parties' intent, as [*2]manifested by the language of the grant" (Dowd v Ahr, 78 NY2d 469, 473 [1991]). "Thus, the language of the easement is controlling, and if a grant is specific in its terms, it is decisive of the limits of the easement" (Gilliland v Acquafredda Enters., LLC, 92 AD3d 19, 25 [1st Dept 2011]).
Although defendant was not entitled to summary judgment, plaintiff is also not entitled to summary judgment on the current record. For the "Stranger to the Deed" doctrine to apply, the owner of lot 26 (plaintiff's property) must differ from the owner of lot 50 (defendant's property) (see Matter of Estate of Thomson v Wade, 69 NY2d 570, 573-574 [1987]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021