■ In the Matter of CAULDWEST REALTY CORP., Respondent, v CITY OF NEW YORK, Appellant.—Order of the Supreme Court, Bronx County (Anita Florio, J.), entered July 13, 1988, which denied respondent's motion (denominated cross motion) to dismiss the CPLR article 78 petition as time barred pursuant to CPLR 217, unanimously reversed, on the law, the motion granted, and the petition dismissed, without costs.

Petitioner instituted the within proceeding to challenge the propriety of charges billed against it for the abatement of a nuisance requiring the removal of debris from its property (Administrative Code of City of New York §§ 17-142, 17-144, 17-145, 17-147, 17-148, 17-151). Respondent alleges that a "five-day letter" was sent to petitioner by the Bureau of Pest Control directing it to clean up the premises. Petitioner denies receiving this letter but admits that invoices were received during June 1986 for Health Department charges arising out of the cleanup. Petitioner's president, Eli Cooper, alleges that he made numerous efforts to discuss these bills which, it is asserted, represent expenses incurred by the city for removal of debris from the lot adjacent to petitioner's property. Ultimately, he wrote to the Ombudsman of the City Counsel, by letter dated May 27, 1987, complaining that his inquiries to the Bureau of Pest Control and the Department of Finance were of "no avail." The Ombudsman contacted the Department of Health and, by letter dated September 25, 1987, was informed by the Assistant Commissioner of Environmental Affairs that "it has been found that the charges levied against this property are correct and the work associated with the charges has been performed." The petition commencing the proceeding was served on November 25, 1987. The city moved to dismiss on the ground that the four-month Statute of Limitations (CPLR 217) began to run when the invoices were received by petitioner. Petitioner contends that the statute did not commence running until September 25, 1987, the date of the Assistant Commissioner of Environmental Affairs' letter. The IAS court construed this communication as "the final determination by the Respondent that the charges levied herein are correct", and denied the city's motion to dismiss the petition.

An administrative determination is final and binding so as to commence the running of the Statute of Limitations when the petitioner has received notice of the determination and is aggrieved by it (Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832). In this instance, respondent's assessment of clean-up expenses against petitioner became final when it received invoices from the city in June 1986. Those invoices state that, unless paid within 30 days, interest will accrue from May 28, 1986, the date of entry, reflecting the finality of the administrative determination. Moreover, Department of Health regulations provide no mechanism for administrative review of the assessment and, therefore, there are no further administrative remedies which must be ex-

hausted before judicial review may be sought *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52). Absent some clear indication that an agency has misled a petitioner into foregoing the right to commence a timely proceeding *(Simcuski v Saeli,* 44 NY2d 442, 449; *Rains v Metropolitan Transp. Auth.,* 120 AD2d 509), a mere inquiry or even a request for reconsideration outside the formal administrative review process will not render a prior determination nonfinal *(Matter of Johnson v Christian,* 114 AD2d 321, 322-323).

The record contains no documentation of any communication on behalf of respondent which would suggest that its determination, as reflected in its invoices dated May 28, 1986, was intended to be anything but final. Nor will communications with a separate agency of city government effect an extension of the four-month Statute of Limitations as against the agency which issued the determination sought to be reviewed. We conclude that the statute began to run in June 1986 when petitioner concedes the invoices were received, and the commencement of this proceeding in November 1987 was therefore untimely. Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.