CITY OF NEW YORK, Appellant, v BASIL COMPANY, Respondent, et al., Defendants.

First Department, October 22, 1992

**APPEARANCES OF COUNSEL**

*William J. Thom* of counsel *(Barry P. Schwartz* with him on the brief; *O. Peter Sherwood, Corporation Counsel,* attorney), for appellant.

*M. Bruce Solomon* for respondent.

**OPINION OF THE COURT**

KASSAL, J.

The power of the City, long recognized at common law, to recover costs and expenses in the abatement of a public nuisance has been properly codified under Administrative Code of the City of New York § 7-714 (g). In the absence of imminent danger to life, health or safety, however, due process principles mandate that the party which must ultimately bear the costs be given notice and reasonable opportunity to abate the nuisance before measures are taken, and costs incurred, by the municipality.

This appeal arises from an action brought by plaintiff, the City of New York, to abate a public nuisance, namely, the use of commercial premises in defendant Basil Company's building for drug transactions. It is undisputed that illicit drug activity was found to have taken place at the subject premises, a storefront leased as a "bodega", located at 206 Avenue B on the Lower East Side of Manhattan, that this conduct constituted a public nuisance as defined by Administrative Code § 7-703, and that the City undertook to investigate and obtain a permanent injunction to abate the public nuisance. The sole issue on appeal is the City's entitlement to recoup from defendant costs and expenses of unspecified amounts. Section 7-714, of the Administrative Code, titled, "Permanent injunction", provides, at subdivision (g), as follows: "A judgment awarding a permanent injunction pursuant to this chapter shall provide, in addition to the costs and disbursements

allowed by the civil practice law and rules, upon satisfactory proof by affidavit or such other evidence as may be submitted, the actual costs, expenses and disbursements of the city in investigating, bringing and maintaining the action."

Invoking this section, the City moved for partial summary judgment for the costs of its investigation and prosecution of the action for a permanent injunction. It appeals from the IAS Court's denial of its motion, and that court's ruling that Administrative Code § 7-714 (g) is preempted by CPLR article 81, which specifies when costs and disbursements may be claimed by a successful litigant. The City further appeals from the IAS Court's subsequent order which, upon reargument, adhered to its determination, and further ruled that the assessment of costs in the circumstances presented would, in any event, be violative of defendant's due process right of notice.

■ We are in agreement with plaintiff that Administrative Code § 7-714 (g) is not preempted by CPLR article 81. The power of a municipality to recoup costs incurred in the abatement of a nuisance has long been recognized. *(See, Gregory v Mayor of City of NY,* 40 NY 273, 276; *Lane v City of Mount Vernon,* 38 NY2d 344, 348-349; *City of Buffalo v Dankner,* 48 AD2d 572, *appeal dismissed* 38 NY2d 826.)* In *Lane v City of Mount Vernon (supra,* at 349) the Court of Appeals acknowledged the validity of ordinances enacted for this purpose, noting: "[I]t has long been recognized that when a local government, in the proper exercise of its delegated powers, summarily abates a public nuisance, it may compel the owner of the property involved to bear the cost of abatement." *(See, also, Aponte v Raychuck,* 160 AD2d 636, *affg* 140 Misc 2d 864; 172 AD2d 280, *affd in part, dismissed in part* 78 NY2d 992.)*

■ We cannot agree, however, with plaintiff's assertion that, despite the absence of exigent circumstances,* costs may be recouped under Administrative Code § 7-714 (g) for the summary abatement of a nuisance of which the owner had neither notice nor opportunity to abate. Of course, if the nature of the public nuisance is such that an immediate danger to the public is presented, e.g., the imminent collapse of a building,

---

* While it may not be gainsaid that illegal drug activity requires immediate police action, the law enforcement aspects of this matter are readily distinguishable from, and should not be confused with, the obligation of a building owner to abate, through eviction proceedings, the public nuisance created thereby.

the City may take immediate corrective measures and seek reimbursement for its costs from the property owner. As observed by the Court of Appeals in *Matter of 300 W. 154th St. Realty Co. v Department of Bldgs.* (26 NY2d 538, 543): "Occasions may arise requiring abatement of a nuisance without any prior notice to those otherwise charged with the duty to abate, when the giving of notice is not feasible. Reasonable notice must be given, wherever possible, however, to provide a landlord, or other party, opportunity to abate the nuisance not created by him or of which he may not have, and could not have, actual notice by reason of control or operation, in a manner causing the least disruption to the premises and minimizing the costs which he must bear ultimately."

In the case at bar, the City's investigation of illegal drug transactions in the commercial property which, by all outward appearances was a bodega, began in December 1989 with the first of three police raids on the store. Thereafter, the police conducted raids of the property in March 1990 and June 1990. On the sparse record before us, the first evidence of any notice to the building's owner, defendant herein, was when the City obtained a temporary restraining order seven months after the first raid, on July 5, 1990, and served defendant therewith. Defendant asserts, and plaintiff does not dispute, that it commenced a summary eviction proceeding pursuant to RPAPL 711 (5) on August 13, 1990 and that a trial was scheduled for August 28, 1990. The trial was adjourned to August 30, 1990, at which time a default judgment was entered against defendant's tenant, and the resulting warrant of eviction was executed on or about September 10, 1990.

In light of the failure of this record to establish whether defendant knew, or should have known, of the illicit drug activity prior to plaintiff's service of the temporary restraining order, and whether defendant acted reasonably expeditiously to self-abate the nuisance thereafter, we conclude that partial summary judgment on the issue of the plaintiff's entitlement to costs under Administrative Code § 7-714 (g) should have been denied to defendant as well as to plaintiff. As noted by the Court in the analogous circumstances presented in *Mangione v Dimino* (39 AD2d 128, 129), "[a] property owner, or one in control or possession of real property, has the duty to control the conduct of those whom he permits to enter upon it * * * provided that the owner knows that he can and has the opportunity to control the third-parties' conduct and is reasonably aware of the necessity for such control."

Accordingly, the order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 20, 1991, which denied plaintiff's motion for partial summary judgment on its claim for costs pursuant to Administrative Code § 7-714 (g), and which granted the motion of defendant-respondent (defendant) for partial summary judgment dismissing plaintiff's claim for said costs, should be modified, on the law, to deny defendant's motion, and the matter remanded for a hearing to determine when defendant was on actual or constructive notice of the subject public nuisance and whether it acted to abate same within a reasonable time, and for further proceedings consistent with said determination, without costs; and the appeal from the order of said court, entered June 20, 1991, which granted plaintiff's motion to reargue and, upon reargument, adhered to its prior determination, should be dismissed as academic, without costs.

ROSENBERGER, J. P., ASCH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered June 20, 1991, modified, on the law, to deny defendant's motion, and the matter remanded for a hearing to determine when defendant was on actual or constructive notice of the subject public nuisance and whether it acted to abate same within a reasonable time, and for further proceedings consistent with said determination, without costs; and the appeal from the order of said court entered June 20, 1991, dismissed as academic, without costs.