■ BARUCH SINGER et al., Respondents, v DEPARTMENT OF FINANCE OF THE CITY OF NEW YORK, Appellant. [594 NYS2d 774] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about August 12, 1991, which enjoined the defendant from foreclosing *in rem* on nine parcels of realty pending the completion of certain discovery, directed the parties to engage in settlement negotiations and marked the parties' motions for summary judgment off the calendar, without prejudice to the parties moving to restore said motions in the event the parties could not reach a settlement, unanimously modified on the law and facts to vacate the injunction preventing the defendant from prosecuting its *in rem* foreclosure actions and otherwise affirmed, without costs.

Plaintiffs maintain that they are the owners or have an ownership interest in nine parcels of Manhattan realty. All nine are encumbered by liens for unpaid taxes, emergency repairs and health protective work which the City of New York maintains its agencies performed. The foreclosures were temporarily suspended when plaintiffs entered into *in rem* installment agreements which provided that the plaintiffs would pay the arrears in installments and pay the current charges as they became due. The agreements provided further that the failure to make the payments as required would result in cancellation of the agreements, and again subject the properties to foreclosure. Plaintiffs defaulted on the payments and the defendant cancelled the agreements and notified the plaintiffs that foreclosure proceedings would resume.

The plaintiffs disputed the basis of several of the liens related to emergency repair work, pest control work and Health Department work performed at the properties and

commenced the action underlying this appeal to enjoin the *in rem* foreclosure proceedings. Specifically, plaintiffs contended, *inter alia,* that no notice was received by them regarding the work, that much of the work was not performed and that the charges for the services had not been entered into the records of the Finance Department as required by Administrative Code of the City of New York § 17-151 (b). However, plaintiffs did not dispute that they owed significant amounts in back real estate, sewer and sidewalk taxes on the nine parcels of property.

The order appealed decided a motion made upon notice and imposed a preliminary injunction; therefore it presents an appealable issue for this Court (CPLR 5701 [a] [2] [i]). However, "[i]t is well established that one challenging a tax assessment must continue to pay his [or her] taxes and that the commencement of an assessment review proceeding does not stay the collection of taxes or enforcement procedures instituted by the taxing authority." *(Grant Co. v Srogi,* 52 NY2d 496, 515-516.) "[A] municipality ordinarily should not be denied or delayed in the enforcement of its right to collect the revenues upon which its very existence and the general welfare depends." *(Supra,* at 516.) Therefore, even where the basis of the revenue charge is disputed the taxpayer must prepay the disputed amounts including interest and penalties before litigating *(Matter of Morris Investors v Commissioner of Fin. of City of N. Y.,* 69 NY2d 933, 936; *Grant Co. v Srogi, supra).*

While the Court of Appeals has recognized a narrow exception in circumstances where the taxpayer, threatened by the imminent loss of its property due to the imposition of an intentionally excessive tax, seeks protection in the form of injunctive relief *(Matter of County of Fulton v State of New York,* 76 NY2d 675, 679, n 2, citing *Grant Co. v Srogi, supra,* at 517; *423 S. Salina St. v City of Syracuse,* 68 NY2d 474, 482-483), such is not the case herein, where the plaintiffs previously entered into installment payment agreements, which specifically provided for the resumption of foreclosure proceedings in the event of default, and there is no question that significant arrears in taxes are owed.

While plaintiffs are entitled to the discovery they requested, they are not entitled to injunctive relief. We decline to address the summary judgment issued raised by the parties on the record presented by this appeal. Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.