■ TRIWAY REALTY CORP., Respondent, v CITY OF NEW YORK, Appellant. [— NYS2d —] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered January 14, 1994,

unanimously reversed, on the law, insofar as it denied defendant-appellant's motion for summary judgment, and the motion is granted; appeal from the order of the same court and Justice, entered June 1, 1994, which denied defendant-appellant's motion to renew and reargue, unanimously dismissed as moot, both without costs.

Plaintiff is the mortgagee of the two parcels of realty in question and holds a mortgage of $234,000. On July 24, 1987 the owner of the subject properties, Triangle Associates, entered into written *in rem* agreements with defendant City of New York, pursuant to which it would pay delinquent taxes and assessments in quarterly installments. In exchange the City agreed to discontinue foreclosure proceedings with respect to the two parcels. The City reserved the right to foreclose upon the subject properties in the event of a default under the terms of the agreements. Upon the owner's default the City cancelled the agreements in January 1989 and actively resumed the foreclosure proceedings in February 1989. A supplemental judgment of foreclosure allowing the City to take title to the lots in question was issued on or about May 8, 1989. A second agreement was entered into on August 24, 1989 pursuant to which the foreclosure action would again be discontinued and certain Health Department liens cancelled upon payment of arrears by December 4, 1989.

As a result of the owners' default in payment of arrears pursuant to the August 24, 1989 agreement, the City of New York acquired title *in rem* to the two subject lots by deed dated December 6, 1989 and recorded December 7, 1989. Upon application by the owner for mandatory release of the subject properties pursuant to Administrative Code of the City of New York § 11-424 (f), the owner and the City, by letter dated August 10, 1990, agreed that the City would approve release of the properties on condition that back taxes and assessments be paid within 30 days. By letter dated September 11, 1990 the City denied the application for release of the properties for failure to make the required payments. Thereafter, on or about September 19, 1990, plaintiff mortgagee commenced this action for a declaratory judgment seeking to void the foreclosure and for other relief. Plaintiff's simultaneous application for, *inter alia*, a preliminary injunction enjoining the foreclosure was denied by order dated April 18, 1991.

At the outset we find that the trial court properly concluded that documentary evidence submitted by the City was sufficient to demonstrate that notice of the foreclosure was properly provided to plaintiff.

The action, insofar as plaintiff seeks to have it construed as one to redeem the properties, was not timely commenced. Redemption may be accomplished by payment of the monies owed while the *in rem* foreclosure action is still pending (Administrative Code § 11-407). The lots in question were foreclosed upon on December 6, 1989. While a party with an interest in the property may seek release pursuant to Administrative Code § 11-424 by application to the Commissioner of General Services at any time up to two years after the recording of the deed by which the City acquired title to said property (Administrative Code § 11-424 [a]), plaintiff failed to seek such release and the applicable two year period expired on December 7, 1991. Commencement of an action does not toll this period as the release procedure requires that the taxes be paid before any judicial challenge is made (*see, Grant Co. v Srogi*, 52 NY2d 496, 515-516; *Singer v Department of Fin.*, 191 AD2d 320, 321). We note, in any event, that while the court has the power, pursuant to CPLR 103, to construe a judicial proceeding in an appropriate manner, even if brought in an improper form, the proper method of challenging a government tax assessment is a proceeding pursuant to CPLR article 78 and not an action to quiet title pursuant to RPAPL 1503 as suggested by the trial court (*Matter of Cauldwest Realty Corp. v City of New York*, 160 AD2d 489).

Inasmuch as the foreclosure was properly predicated upon the tax liens, any issues raised with respect to the Health Department liens are moot. However, we note that plaintiff's attempt to challenge the liens by way of a declaratory judgment action was improper in any event. The proper method of challenging an action by an administrative agency is a proceeding pursuant to CPLR article 78 (*see, Matter of Town of Arietta v State Bd. of Equalization & Assessment*, 56 NY2d 356; *Matter of Cauldwest Realty Corp. v City of New York*, 160 AD2d 489, *supra*) commenced within four months after the determination became final and binding, i.e., when plaintiff received notice of the determination and was aggrieved by it (160 AD2d, *supra*, at 490). That limitations period cannot be extended by the commencement of a declaratory judgment action (*Lenihan v City of New York*, 58 NY2d 679). In this case the latest possible date that plaintiff could have been aggrieved by the liens was February of 1989 when plaintiff received notice of the cancellation of the *in rem* installment agreement of July 24, 1987. Plaintiff's commencement of this action was therefore untimely with respect to its challenge to the liens in question.

We have reviewed plaintiff's other arguments and find them

to be without merit. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.