■ CITY OF NEW YORK, Appellant, v CHARLES LAING et al., Respondents. [653 NYS2d 376] —In an action for a permanent injunction to abate a nuisance, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Schneier, J.), dated July 24, 1995, as denied its application pursuant to Administrative Code of the City of New York § 7-714 (g), for the costs, expenses, and disbursements of investigating, bringing, and maintaining this action.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the plaintiff's application pursuant to Administrative Code § 7-714 (g) is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the costs, expenses, and disbursements to which the plaintiff is entitled, and for entry of an amended judgment accordingly.

This appeal arises from an action brought by the plaintiff, the City of New York, to permanently enjoin a public nuisance, i.e., the use of the defendants' commercial premises for the unlicensed sale of alcoholic beverages. After a jury verdict in its favor, the City applied pursuant to Administrative Code § 7-714 (g) for the costs and expenses incurred in bringing the action. The Supreme Court denied the application.

The sole issue on appeal is whether the City is entitled to recover from the defendants the actual costs of investigating, bringing, and maintaining the abatement action.

"The power of the City, long recognized at common law, to recover costs and expenses in the abatement of a public nuisance has been properly codified under Administrative Code of the City of New York § 7-714 (g)" (*City of New York v Basil Co.,* 182 AD2d 307, 308). Administrative Code § 7-714 (g), provides "[A] judgment awarding a permanent injunction pursuant to this chapter shall provide, in addition to the costs and disbursements allowed by the civil practice law and rules, upon satisfactory proof by affidavit or such other evidence as may be

submitted, the actual costs, expenses and disbursements of the city in investigating, bringing and maintaining the action".

Thus, where, as here, it is uncontroverted that the defendants had sufficient notice and opportunity to abate the nuisance, and failed to act "reasonably expeditiously to self-abate the nuisance thereafter" (*City of New York v Basil Co., supra,* at 310), the City is entitled to its actual costs and expenses pursuant to Administrative Code § 7-714 (g). Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.