■ GEORGE NOROIAN et al., Appellants, v CITY OF PORT JERVIS et al., Respondents. [791 NYS2d 147]—

In an action, inter alia, for a judgment declaring that Port Jervis City Code §§ 69-12 and 69-13 and Port Jervis City Charter § C5-15 are unconstitutional, the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Slobod, J.), dated April 8, 2004, which declared that the challenged provisions are constitutional.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly determined that Port Jervis City Code § 69-13, which authorizes the City's Common Council, upon the report of the building official, to cause the immediate demolition of a dangerous building "where it reasonably appears that there is immediate danger to the life or safety of any person," is constitutionally sound. "[A]lthough notice and a predeprivation hearing are generally required, in certain circumstances, the lack of such predeprivation process will not offend the constitutional guarantee of due process, provided there is sufficient postdeprivation process" (*Catanzaro v Weiden*, 188 F3d 56, 61 [2d Cir 1999]). The plaintiffs in this case could and should have commenced a CPLR article 78 proceeding to challenge the Common Council's determination with respect to their property. Having failed to avail themselves of this remedy, they cannot now seek a judgment declaring that the underlying provision is unconstitutional as applied to them (*see Press v County of Monroe*, 50 NY2d 695 [1980]). In any event, because we find that CPLR article 78 provided sufficient postdeprivation process, the plaintiffs' constitutional challenge to Port Jervis City Code § 69-13 is without merit (*see Catanzaro v Weiden, supra*).

The plaintiffs further challenge the constitutionality of Port Jervis City Code § 69-12, which authorizes the City to assess against the land on which a dangerous building is located "[a]ll expenses incurred by the city in connection with the proceedings to . . . demolish and remove the unsafe building . . . including the cost of actually removing such building or correcting such condition or nuisance." This challenge is equally unavailing, as local government "may summarily abate nuisances . . . in appropriate circumstances and compel property owners to bear the cost of abatement without prior notice" (*Matter of 4M Holding Co. v Town Bd. of Town of Islip*, 81 NY2d 1053, 1055 [1993]; *Lane v City of Mount Vernon*, 38 NY2d 344 [1976]).

The plaintiffs' remaining contention regarding the constitutionality of Port Jervis City Charter § C5-15 is without merit. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.