■ In the Matter of MARY P. MITCHELL, Respondent, v CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE, Appellant. [808 NYS2d 107]—

In a proceeding pursuant to CPLR article 78 to review certain assessments on the petitioner's property pursuant to Administrative Code of City of NY § 17-151, the City of New York Department of Health and Mental Hygiene appeals from a judgment of the Supreme Court, Kings County (Jacobson, J.), dated November 24, 2003, which granted the petition and vacated the assessments.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

As set forth in the answer to the petition, it is undisputed that the City of New York Department of Health and Mental Hygiene (hereinafter the DOH) sent invoices to the petitioner on or before January 30, 2001, for cleaning and exterminating services it performed on her premises in order to abate a nuisance. The petitioner never denied receipt of these invoices, and her submissions to the court acknowledged that she was aware of these charges. Accordingly, her commencement of this proceeding on or about March 28, 2003, challenging the propriety of those charges was untimely (*see* CPLR 217; *Matter of Cauldwest Realty Corp. v City of New York*, 160 AD2d 489

[1990]; *see generally Matter of Giordano v City of N.Y. Dept. of Fin.,* 253 AD2d 432 [1998]; *Matter of 105th St. Dev. Corp. v Commissioner of Dept. of Health of City of N.Y.,* 189 Misc 2d 342, 345 [2001]). Moreover, the petitioner's subsequent correspondence with the DOH and her receipt of additional documents from it regarding the work performed did not serve to toll or revive the limitations period (*see Matter of M & D Contrs. v New York City Dept. of Health,* 233 AD2d 230, 231 [1996]; *Matter of Cauldwest Realty Corp. v City of New York, supra* at 491). Therefore, the Supreme Court should have dismissed the proceeding as time-barred. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.