OPINION OF THE COURT
Jack M. Battaglia, J.
The verified complaint of Brooklyn LLC asserts a single cause of action “brought pursuant to the Real Property Actions and Proceedings Law to compel the determination of claims to the real property” known as 1726 East 93rd Street, Brooklyn (see verified complaint, ¶ 1), and seeks
“a declaratory judgment that defendants have no right, title, claim, lien or interest in the premises whatsoever, at law or at equity, and that the plaintiff is the owner of the premises in fee simple absolute, free and clear of any claims which defendants may have to an ownership interest, lien interest or any other interest in the Premises.” (Id. ¶25.)
Defendants, the City of New York and two of its departments, the Department of Housing Preservation and Development (DHPD) and the Department of Finance (DOF), have moved preanswer for dismissal pursuant to CPLR 3211 (a) (5), contending that the action is improperly brought and that, properly brought as a special proceeding, it is barred by the applicable statute of limitations.
The underlying dispute is about liens created by the City for costs incurred by the City for emergency repairs made to non-City property. (See Administrative Code of City of NY [Housing Maintenance Code] §§ 27-2125, 27-2144.) Under the Housing Maintenance Code, “[w]ithin thirty days after the issuance of a purchase or work order to cause a repair to be made by or on behalf of’ DHPD, “entry of such order shall be made on the records of’ DHPD (Administrative Code § 27-2144 [a]); “[s]uch entry shall constitute notice to all parties” (id.).
The costs incurred by DHPD for the repairs “shall constitute a lien upon the premises when the amount thereof shall have been definitely computed as a statement of account by” DHPD and DHPD “shall cause to be filed in the office of the city collector an entry of the account stated in the book in which such charges against the premises are to be entered.” (Administrative Code § 27-2144 [b].) “A notice thereof, stating the amount due and nature of the charge, shall be mailed by the city collector, within five days of such entry, to the last known address of the person whose name appears on the records in the office of *683 the city collector” as the owner of the property or person designated to receive tax bills. (Administrative Code § 27-2144 [c].)
There is an important limitation on the enforceability of the lien, however. The lien cannot be “enforced against a subsequent purchaser in good faith or mortgagee in good faith unless the requirements” of filing by DHPD “are satisfied.” (Administrative Code § 27-2144 [b].) The limitation only applies “to transactions occurring after the date such record should have been entered” by DHPD “and [before] the date such entry was made.” (Id.; see also Administrative Code § 17-151 [b].)
“The purpose of the recording requirement” imposed upon DHPD “is to provide a uniform system by which purchasers are given constructive notice of forthcoming . . . liens which would be given retroactive effect.” (See Rosenbaum v City of New York, 96 NY2d 468, 474 [2001].) “To render the lien retroactively enforceable, the City need only follow the dictates of the statute.” (Id.)
The most comprehensive treatment of the Housing Maintenance Code lien and the emergency repairs statutory scheme can be found in Department of Hous. Preserv. & Dev. of City of N.Y. v 849 St. Nicholas Equities (141 Misc 2d 258 [Civ Ct, NY County 1988]). The Court of Appeals has said that the statute “to put it mildly, ‘is not a model of clarity,’ ” and suggested that “the appropriate legislative bodies revisit the statutory scheme to clarify its purpose and design.” (See Rosenbaum v City of New York, 96 NY2d at 474.) Similar lien provisions for remedial costs appear in the City’s health code. (See Administrative Code § 17-151.)
For purposes of this motion at least, many facts are undisputed. The court also notes that both plaintiff and City rely on computer printouts, described by the City as “HPD Info Printouts” (see affirmation in support of motion to dismiss, 1114), with no attempt at authentication, certification, or other foundation for admissibility as evidence. Because of the parties’ silent stipulation as to the use of the printouts (see Secretary of Dept. of Hous. & Urban Dev. v Torres, 2 Misc 3d 53, 54-55 [App Term, 2d Dept 2003]), the court will use them on this motion. The court must also note that the City could have provided an affidavit from a City official with personal knowledge to support and explain the printouts, as it has done in other cases. (See decision in Deer Park Ventures LLC v City of New York, exhibit C to affirmation in support of motion to dismiss, at 9-10.)
*684 Plaintiff received title to the subject property with a deed dated March 18, 2003 and recorded March 28, 2003. Plaintiff alleges that “[defendants’ purported lien was not of record at the time plaintiff’s deed was executed or recorded,” and at that time “public records created by the defendants and published to the world indicated no money was due or owing on defendants’ purported lien or liens.” (Verified complaint, ¶¶ 9, 10.) With two bills, each dated July 25, 2006, DOF requested payment from plaintiff of a total of $35,360.18, representing costs for emergency repairs apparently ordered in February 2002, plus administrative fees. (See exhibit A to affirmation in opposition.)
Plaintiff proffers DHPD printouts that, it contends, show that “[a]t the time that plaintiff’s deed was recorded, public records created and maintained by the defendants clearly and unequivocally stated that no money was owed,” and that “[i]t was only after plaintiff had already purchased the premises and plaintiffs deed was recorded that defendants’ records reflected a monetary lien.” (See affirmation in opposition, 1Í 4; exhibit C.) For its part, the City disputes the meaning of the printouts, contending that they show that DHPD arranged for the emergency repairs and paid the costs, but had not yet transferred the costs to DOF for billing. (See reply affirmation in further support of defendants’ amended motion to dismiss, 1i 5.)
For purposes of the City’s motion, of course, this factual dispute must remain unresolved. It is apparent, however, that the costs underlying the liens claimed by the City were incurred by DHPD in 2002, but not transferred to DOF until 2006; that plaintiff acquired the property in the interim; that plaintiff alleges status as “a good faith, bona fide purchaser of the premises for value pursuant to RPL § 291” (verified complaint, 1Í13); and that such status, under stated circumstances, expressly limits the enforceability of the liens (see Administrative Code § 27-2144).
The question for now is not whether the liens are enforceable against plaintiff, but whether plaintiff has chosen the appropriate procedural vehicle to obtain a judicial determination of enforceability, and has done so timely. As already noted, plaintiff seeks a declaratory judgment in an action based upon article 15 of the Real Property Actions and Proceedings Law, which provides for an action to compel the determination of a claim to real property (see RPAPL 1501 et seq.).
“While an action under RPAPL article 15 ... is a statutory action, it has been described as a hybrid one in which the relief *685 awarded is in large measure equitable in nature.” (See Dowd v Ahr, 168 AD2d 763, 765 [3d Dept 1990], revd on other grounds 78 NY2d 469 [1991]; see also Lewis v Rodriguez, 155 Misc 2d 12, 13-15 [Sup Ct, Bronx County 1992].) Its equitable characteristics derive from the common-law action to quiet title. (See, generally, 90 NY Jur 2d, Real Property § 509 et seq.)
If properly asserted in this case, plaintiffs cause of action for declaratory judgment is not barred by a statute of limitations. (See Orange & Rockland Util. v Philwold Estates, 52 NY2d 253, 261 [1981]; Schoener v Lissauer 107 NY 111, 116-117 [1887]; Gold v New York State Bus. Group, 255 AD2d 628, 630 [3d Dept 1998]; Piedra v Vanover, 174 AD2d 191, 196 [2d Dept 1992].) “The cause of action [to remove clouds upon the title to land] is not the creation of the cloud, but its existence, its effect upon the title of the owner, and his right to have it removed.” (Schoener v Lissauer, 107 NY at 117.) “That is a continuing right which endures as long as the occasion for its exercise.” (Id.) “The requirement of prompt action is imposed as a policy matter upon persons who would challenge title to property rather than those who seek to quiet title in their land.” (Orange & Rockland Util. v Philwold Estates, 52 NY2d at 261.)
It is the City’s contention, however, and the basis for this motion, that plaintiff must proceed by means of a CPLR article 78 “proceeding against public officer” in the nature of certiorari, mandamus, or prohibition (see CPLR 7801 et seq.). Such a proceeding is governed by the four-month statute of limitations of CPLR 217 (1), and, according to the City, the four-month period began to run no later than August 28, 2006, the date appearing on a DHPD printout attached to the verified complaint that shows the charges underlying the liens. (See affirmation in support of motion to dismiss, 11 14.) If the City is correct, plaintiff would indeed be time-barred, even if the liens could not otherwise be enforced against it.
Most helpful to the City, and relied upon by it, is dictum found in the First Department’s decision in Triway Realty Corp. v City of New York (218 AD2d 592 [1st Dept 1995]), noting that “plaintiffs attempt to challenge [Health Department] liens by way of a declaratory judgment action was improper” (id. at 594; see also SJL Realty Corp. v City of Poughkeepsie, 133 AD2d 682, 683 [2d Dept 1987]). “The proper method of challenging an action by an administrative agency is a proceeding pursuant to CPLR article 78 . . . commenced within four months after the determination became final and binding, i.e., when plaintiff received notice of *686 the determination and was aggrieved by it.” (Triway Realty Corp. v City of New York, 218 AD2d at 594; see also Matter of M & D Contrs. v New York City Dept. of Health, 233 AD2d 230, 231 [1st Dept 1996]; Matter of Cauldwest Realty Corp. v City of New York, 160 AD2d 489, 490-491 [1st Dept 1990].) Triway Realty, however, did not address the appropriate form or forms of action or proceeding available to the subsequent purchaser who alleges that the lien is unenforceable by reason of the express statutory limitation on enforceability.
The dictum in Triway Realty appears to have been at least limited by the First Department’s subsequent ruling in Rosenbaum v City of New York (272 AD2d 91 [1st Dept 2000], revd on other grounds 96 NY2d 468 [2001].) There, a subsequent purchaser brought an action seeking discharge of Housing Maintenance Code liens and damages for slander of title. There, as here, the City moved for summary judgment of dismissal, contending that the action was time-barred. The First Department “reject[ed] the City defendants’ argument that this action should be dismissed as barred by the four-month Statute of Limitations applicable to CPLR article 78 proceedings.” (See id. at 95.) “Plaintiff was not constrained to bring this matter in the nature of an article 78 proceeding.” (Id.) No further explanation was provided, but this court notes that damages are not generally available in article 78 proceedings. (See Siegel, NY Prac § 570, at 984-985 [4th ed].)
Since Rosenbaum, the Second Department has applied the four-month statute to a challenge to cleanup and pest control charges imposed under the provision in the health code similar to Administrative Code § 27-2144 (see Administrative Code § 17-151; Matter of Mitchell v City of N.Y. Dept. of Health & Mental Hygiene, 23 AD3d 475, 475 [2d Dept 2005]), and Appellate Term in the Second Department has held that
“[t]he proper form and forum for the relief that plaintiffs actually seek — a determination that the Department of Health of the City of New York acted unlawfully in ordering, and billing plaintiffs for, a cleanup of their property that had been declared a nuisance, and on that basis to discharge the City’s hen, is a special proceeding in the Supreme Court.” (O’Neil v City of New York, 10 Misc 3d 30, 31 [App Term, 2d Dept 2005].)
Any apparent inconsistency can be explained by the difference between a contention that a lien is unenforceable against a *687 subsequent good faith purchaser or mortgagee and a challenge, by either an owner at the time the underlying charges were incurred, or even a later party in interest, to the legitimacy of the charges or the resulting lien. The difference is apparent, for example, from the statutory provision that specifically addresses challenges, designated ££[v]alidity of lien; grounds for challenge.” (See Administrative Code § 27-2146.) The provision addresses challenges to the validity of the lien based on “[t]he lawfulness of the repair or other work done,” and ££[t]he propriety and accuracy of the items of expenses for which a lien is claimed.” (See § 27-2146 [a] [1], [2].) The provision does not address the enforceability of a lien against a subsequent good faith purchaser or mortgagee under the express limitation on enforceability.
Nor is article 78 the appropriate vehicle for determining the enforceability of a Housing Maintenance Code lien against the subsequent good faith purchaser or mortgagee. The “only questions that may be raised” in the special proceeding are those specified in CPLR 7803, reflecting the narrow scope of review of official action that defined the common-law writs that article 78 replaced. (See, generally, Matter of Poster v Strough, 299 AD2d 127, 141-142 [2d Dept 2002].) There appears no reason to suspect that DHPD or DOF has any particular expertise in assessing the good faith of purchasers or mortgagees, or to assess DHPD’s compliance with the statutory filing requirements. Nor does it appear that it is otherwise particularly appropriate that one or both of those agencies make near-conclusive assessments of the agency’s own performance. Moreover, if plaintiffs allegations are proved, a question will arise as to the applicability of the doctrine of equitable estoppel, an issue appropriate for judicial, rather than administrative, resolution. In short, not only does the City fail to demonstrate that controlling authority required plaintiff to proceed by way of article 78, but it fails to provide any reason why it should be required.
The City’s motion to dismiss is, therefore, denied.