■ In the Matter of JEAN DELTON WILLIAMS, Appellant, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT et al., Respondents. [847 NYS2d 863]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the City of New York Department of Housing Preservation & Development dated April 20, 2005, which confirmed an initial invoice for emergency repairs to the petitioner's property dated July 30, 2004, issued by the New York City Department of Finance to the petitioner in the sum of $12,355.06, and which imposed a lien in that sum in favor of the City of New York and against the petitioner's real property, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated March 14, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the summary manner in which the City of New York Department of Housing Preservation & Development (hereinafter HPD) and the New York City Department of Buildings conducted emergency repair and protective work on and around her real property, directed the New York City Department of Finance to invoice her for the costs of undertaking the work, and imposed a lien upon her real property (*see* General City Law § 20 [35] [g]; Administrative Code of City of NY §§ 27-2128, 27-2144; *Rosenbaum v City of New York*, 96 NY2d 468, 472 [2001]; *Brooklyn LLC v City of New York*, 16 Misc 3d 681 [2007]), did not violate her due process rights (*see Matter of 4M Holding Co. v Town Bd. of Town of Islip*, 81 NY2d 1053, 1055 [1993]; *Lane v City of Mount Vernon*, 38 NY2d 344, 349 [1976]; *see Noroian v City of Port Jervis*, 16 AD3d 392, 393 [2005]; *Matter of Mendez v Dinkins*, 226 AD2d 219, 223 [1996]; *cf. City of New York v Basil Co.*, 182 AD2d 307, 309-310 [1992]).

Moreover, HPD's determinations as to the necessity of summarily abating the hazardous condition, the propriety of the measures actually taken, and the reasonableness of the costs incurred, were not arbitrary and capricious, or an abuse of discretion, not affected by error of law, and not made in violation of lawful procedure. Accordingly, there is no basis upon which to annul those determinations, and the Supreme Court properly denied the petition and dismissed the proceeding on the merits.

The petitioner's remaining contentions are without merit. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.