■ In the Matter of REGINA KING, Appellant, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [8 NYS3d 327]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered January 10, 2014, granting respondents' motion to dismiss the petition seeking to, among other things, annul respondent Teachers' Retirement System of the City of New York's (TRS) determination, dated September 15, 2006,

which calculated petitioner's total service credit and found her ineligible for an early retirement incentive (ERI) program, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Supreme Court correctly dismissed as time-barred petitioner's challenge to TRS's calculation of her total service credit and its determination finding her ineligible for the ERI program. TRS's determination became final and binding for statute of limitations purposes upon petitioner's receipt of TRS's letter dated September 15, 2006 calculating her total service credit and explaining that she was ineligible to participate in the ERI program (*see* CPLR 217 [1]; *see also Matter of Cauldwest Realty Corp. v City of New York*, 160 AD2d 489, 490 [1st Dept 1990]). Petitioner does not dispute respondents' contention that she received this letter within five days after it was mailed on September 15, 2006. Nor is there any evidence in the record to substantiate petitioner's claims that TRS misled her or undermined the finality of the letter (*see Matter of Cauldwest*, 160 AD2d at 491). Petitioner's multiple efforts to get TRS to rectify its purported error were, in effect, requests for reconsideration, which do not serve to toll the statute of limitations (*id.*). Accordingly, since petitioner commenced this proceeding in 2013, well beyond the four-month statute of limitations, her challenge is time-barred (*id.*).

Petitioner's claims against respondent the Department of Education of the City of New York (DOE) for uncompensated annual leave and cumulative absent reserve time are barred by the doctrine of laches. The record shows that petitioner waited more than 10 years after she retired from her employment with DOE to demand such relief, and that she provided no excuse for the delay. Under these circumstances, DOE did not need to show that it was prejudiced by the delay (*see Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds*, 46 NY2d 488, 495-496 [1979]; *see also Matter of Schwartz v Morgenthau*, 23 AD3d 231, 233 [1st Dept 2005], *affd* 7 NY3d 427 [2006]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ.