Matter of Stewart v New York City Dept. of Educ. (2019 NY Slip Op 05069)





Matter of Stewart v New York City Dept. of Educ.


2019 NY Slip Op 05069


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9698 154169/17

[*1]In re Robert Stewart, Petitioner-Appellant,
v
New York City Department of Education, Respondent-Respondent.


Levine & Blit, PLLC, New York (Justin S. Clark of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered July 2, 2018, granting respondent's cross motion to dismiss the petition to, inter alia, annul respondent's determination, dated October 24, 2016, not to hire petitioner as a cleaner and to direct respondent to reconsider petitioner's application for employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly dismissed this proceeding as untimely (CPLR 217[1]). The proceeding was commenced more than four months after the agency's determination to deny petitioner's renewed application for employment became final and binding on petitioner (see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270 [2000]; Matter of Cauldwest Realty Corp. v City of New York, 160 AD2d 489 [1st Dept 1990]).
Contrary to petitioner's contention, the limitations period did not begin to run on the date of the General Municipal Law § 50-h hearing held in connection with a notice of claim he filed against respondent concerning his claim for damages arising from discrimination in violation of Correction Law § 752, as he cannot "circumvent the statute of limitations by demanding that an agency change its determination and seeking mandamus to compel when that demand is refused" (Matter of Imandt v New York State Unified Ct. Sys., 168 AD3d 1051, 1053 [2d Dept 2019]). The notice of claim "was at best a plea for reconsideration, which neither tolled the Statute of Limitations nor began anew the time within which review could be sought" (Matter of Miller v McGough, 97 AD2d 416, 416 [2d Dept 1983]; see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976 [1983]). Furthermore, t
he record does not support petitioner's claim that he made a demand for compliance with a duty enjoined on respondent by law at the 50-h hearing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK