Matter of Pinkard v New York City Dept. of Educ. (2021 NY Slip Op 00242)





Matter of Pinkard v New York City Dept. of Educ.


2021 NY Slip Op 00242


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 101610/19 Appeal No. 12870 Case No. 2020-01981 

[*1]In the Matter of Eugenia Pinkard, Petitioner-Appellant,
v
New York City Department of Education et al., Respondents-Respondents.


Eugenia Pinkard, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered February 18, 2020, denying the petition to annul respondents' determination, dated August 16, 2010, which discontinued petitioner's probationary employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The article 78 court correctly denied the petition and dismissed the proceeding, commenced in October 2019, as untimely. Petitioner seeks to challenge her probationary status upon reinstatement in March 2009 and the discontinuance of her probationary service effective August 16, 2010 (see CPLR 217[1]; Kahn v New York City Dept. of Educ., 18 NY3d 457, 462, 471-472 [2012]; Matter of King v Department of Educ. of the City of N.Y., 128 AD3d 443, 444 [1st Dept 2015], lv denied 26 NY3d 912 [2015]). To the extent petitioner submitted a renewed challenge against DOE in 2015, it is similarly barred.
The court also correctly determined that this proceeding is barred by res judicata and collateral estoppel, as petitioner asserted claims arising from the reinstatement and subsequent discontinuance, and raised the same issue as to her alleged tenure by estoppel, in two plenary actions in federal court, commenced in 2011 and 2013, and another in state court, commenced in 2015 (see Matter of Josey v Goord, 9 NY3d 386, 389 [2007]; D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]; Pinkard v New York City Dept. of Educ., 168 AD3d 474 [1st Dept 2019], lv dismissed 33 NY3d 1122 [2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021