■ BLAGOJE (BILLY) DIMOVICH, by His Guardian, ANASTAS DIMOVICH, et al., Appellants, v STEFAN N. TALEV et al., Respondents. (Appeal No. 1.) [670 NYS2d 290] —Order unanimously affirmed without costs. Memorandum: Plaintiff, individually and on behalf of Blagoje (Billy) Dimovich, appeals from an order that granted defendants' cross motions for summary judgment dismissing the complaint and denied plaintiff's motion for a preliminary injunction barring defendant Stefan N. Talev from taking possession of real property pursuant to a tax deed. Plaintiff formerly owned the property, and Billy Dimovich held a mortgage on it.

Supreme Court erred in refusing to consider plaintiff's papers in opposition to the cross motions, which were given to the court during oral argument on the motion and cross motions. The cross motion of defendant City of Syracuse (City) demanded that answering papers be served pursuant to CPLR 2214 (b), i.e., at least two days prior to the return date of the cross motion. Because the last day for timely service of the answering papers was a Saturday, plaintiff's attempted service on the following Monday, the date of oral argument, should have been accepted (*see,* General Construction Law § 25-a [1]). We therefore modify the order settling the record on appeal to include plaintiff's papers in opposition to the cross motions.

Even considering those papers, however, we conclude that the court properly granted the cross motions for summary judgment dismissing the complaint. It is well settled that, in order to contest the assessment of taxes on property, a taxpayer must first pay the delinquent taxes (*see, Matter of County of Fulton v State of New York,* 76 NY2d 675, 678-679; *Matter of Morris Investors v Commissioner of Fin. of City of N. Y.,* 69 NY2d 933, 936; *Grant Co. v Srogi,* 52 NY2d 496, 515). Plaintiff was therefore required to pay the delinquent taxes prior to bringing a petition to enjoin foreclosure on real property due to a delinquency (*see, Singer v Department of Fin.,* 191 AD2d 320, 321; *see also, Matter of Tax Foreclosure Action No. 39,* 202 AD2d 328, 329). The Court of Appeals has carved out a narrow exception to that rule "where the taxpayer, threatened by the imminent loss of its property due to the imposition of an intentionally excessive tax, seeks protection in the form of injunctive relief" (*Singer v Department of Fin., supra,* at 321). The exception, however, does not apply here because plaintiff has not alleged that the City intentionally imposed an excessive tax. Because plaintiff has failed to controvert the City's allegation that he has not paid the delinquent taxes, defendants are entitled to summary judgment dismissing the complaint against them. (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Green, J. P., Hayes, Callahan, Balio and Fallon, JJ.