Appeal from a judgment of the Supreme Court (McGrath, J.), entered April 4, 2012 in Albany County, which, among other things, dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner’s grievance.
Petitioner, an inmate at a state correctional facility, claims *1283 that the Deputy Superintendent of Programs improperly refused his request for a $3.79 advance for special handling of his legal mail. Petitioner’s subsequent grievance was denied and, when that determination was upheld upon administrative review, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and we now affirm.
Both 7 NYCRR 721.3 (a) (3) (v) and Department of Corrections and Community Supervision Directive No. 2788 require that, in order for an inmate to receive a postage advance for special handling, the inmate must specify a statute or court rule that requires the special handling. Here, petitioner’s request contained no such information. Accordingly, the denial of petitioner’s grievance had a rational basis and was not arbitrary and capricious (see Matter of Brooks v Fischer, 95 AD3d 1578, 1578 [2012]; Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]). There is no merit to petitioner’s argument that counsel should have been consulted before his request was denied. Inasmuch as the Deputy Superintendent’s initial denial was based on information indicating that petitioner had no pending requests to post mail, it was unnecessary to consult with counsel as to whether an advance for legal mail was required. Finally, petitioner’s claim that his grievance was not investigated is belied by the record.
Rose, J.P, Stein, McCarthy and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed, without costs.