*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015          518034
_____

In the Matter of MANUEL NUNEZ,
                    Appellant-
                    Respondent,

        v                                    MEMORANDUM AND ORDER

CENTRAL OFFICE REVIEW COMMITTEE
    et al.,
                    Respondents-
                    Appellants.
_____

Calendar Date:  February 11, 2015

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

                    _____


        Manuel Nunez, Dannemora, appellant-respondent pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents-appellants.

                    _____


Peters, P.J.

        Cross appeals from a judgment of the Supreme Court (Ellis,
J.), entered November 21, 2013 in Clinton County, which, among
other things, partially granted petitioner's application, in a
combined proceeding pursuant to CPLR article 78 and action for
declaratory judgment, to annul a determination of respondent
Central Office Review Committee denying his grievance.

        Petitioner, an inmate at Clinton County Correctional
Facility, filed a grievance asserting three complaints: improper
conduct by the package room staff when he attempted to mail a box
containing legal documents; improper separate mailing of 17
envelopes by mail room staff — which he had requested be mailed

together as one unit — resulting in an overcharge; and refusal by the facility notary to notarize his grievance against the package and mail room staffs. After the Inmate Grievance Review Committee deadlocked, the Superintendent of the facility denied the grievance. On petitioner's appeal, respondent Central Office Review Committee (hereinafter CORC) upheld the Superintendent's decision denying the grievance. CORC found that insufficient evidence had been presented to substantiate the allegations of malfeasance against facility staff. CORC also determined that there is no requirement that grievances be notarized and that the facility administration acted within its discretion in denying petitioner notarial services. Petitioner then commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging CORC's determination and seeking, among other things, a declaration that state prison inmates are entitled to notarial services in connection with their grievances. Supreme Court upheld CORC's determination, except to the extent that it ruled that the facility notary had improperly denied petitioner's request to have his grievance documents notarized and ordered the facility to "comply with the mandates of" 9 NYCRR 7031. Petitioner appeals and respondents cross-appeal.

"Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Hutchinson v Fischer, 112 AD3d 1245, 1245 [2013], lv denied 23 NY3d 903 [2014] [citations omitted]; see Matter of Shoga v Annucci, 122 AD3d 1180, 1180 [2014]). The record reflects that, after an investigation, the denial of wrongdoing by package room staff was credited, and we find no basis to overturn the denial of that aspect of the grievance (see Matter of Delgado v Artus, 93 AD3d 1041, 1042 [2012]). The record also supports the finding that the advance request form (see 7 NYCRR 721.3 [a] [3] [iv], [v]), which petitioner submitted with his 17 addressed envelopes, did not indicate that he wanted them mailed as one package and, accordingly, they were mailed out separately before the mail room staff received his letter requesting that they be mailed as one

unit.[1]  As no violation of the applicable correspondence directives was established, this complaint was properly rejected (see Dept of Corr & Community Supervision Directive Nos. 4421, 4422).

Turning to the cross appeal, we agree with respondents' objection to that part of Supreme Court's judgment ordering the facility to comply with the mandates of 9 NYCRR 7031 which, as relevant here, require the provision of notary services to prisoners within one day (see 9 NYCRR 7031.5).  As this Court previously recognized, "[t]his regulation applies only to those prisoners confined in a 'local correctional facility' (see 9 NYCRR 7031.1 [a], [b] [3]), which by statutory and regulatory definition is limited to city- or county-operated places of confinement (see Correction Law § 2 [16] [a]; 9 NYCRR 7000.1 [b] [1]) [and] does not encompass [s]tate correctional facilities" (Matter of Rodriguez v Barreiro, 165 AD2d 969, 969 [1990]). Prisoners in state facilities are entitled to "reasonable access to the services of a notary public within 72 hours of [a] request excluding weekends and holidays" and, if confined to a special housing unit, "at least two times per week" (Dept of Corr & Community Supervision Directive No. 4483 [III] [J]; accord 7 NYCRR 304.8, 330.4 [e] [8]).  Here, it is significant that neither petitioner's grievance nor the "affidavit of service" for which he sought such services required notarization (see 7 NYCRR 701 [a]).  Mindful that the inmate grievance program "is not intended to support an adversary process" and is designed to be "simple and expeditious" (7 NYCRR 701.1 [a], [b]), we find that the facility has the discretion to assign its limited notary staff to matters that require notarization, and find no abuse in the exercise of that discretion here.  Petitioner's remaining contentions have been reviewed and determined to lack merit.

Garry, Rose and Lynch, JJ., concur.

_____

[1]  The evidence also established that, had the mail room staff received petitioner's request to have the envelopes sent in a package as one unit in advance, it would have advised him that the mailing would have to be done through the package room.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application; petition dismissed in its entirety; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court