## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 10, 2016                    521123
_____

In the Matter of JAMES G.
    SINCLAIR,
                        Appellant,

            v                                MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

                        _____


        James G. Sinclair, Fallsburg, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

                        _____


        Appeal from a judgment of the Supreme Court (Melkonian, J.), entered May 6, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Central Office Review Committee denying petitioner's grievance.

        Petitioner, an inmate at Sullivan Correctional Facility, filed a grievance alleging that, while working in the facility's kitchen in April 2014, a correction officer gave him a direct order to climb on top of a cooking kettle in order to remove and clean the kitchen's ventilation system filters.  According to petitioner, he fell from the kettle while attempting to perform this task and sustained injuries.  The Central Office Review Committee (hereinafter CORC) ultimately denied the grievance,

finding that the allegations were unsubstantiated and that there was no malfeasance by staff.  Petitioner then commenced this CPLR article 78 proceeding challenging CORC's determination and underlying investigation of the matter.  Finding that the denial of the grievance was not irrational, Supreme Court dismissed the petition, prompting this appeal.

We affirm.  Judicial review of the denial of an inmate grievance is limited to whether such a determination was arbitrary or capricious, without a rational basis or affected by an error of law (see Matter of Nunez v Central Off. Review Comm., 126 AD3d 1248, 1249 [2015], lv denied 25 NY3d 911 [2015]; Matter of Shoga v Annucci, 122 AD3d 1180, 1180 [2014]; Matter of Hutchinson v Fischer, 112 AD3d 1245, 1245 [2013], lv denied 23 NY3d 903 [2014]).  Here, the record, including the confidential information submitted for our in camera review, confirms that a thorough and procedurally adequate investigation of petitioner's claims was conducted (see 7 NYCRR 701.4 [d]; 701.6 [e]), and we find no basis in the record to suggest that CORC's determination that petitioner's allegations were unsubstantiated was irrational.  Accordingly, under these circumstances, we discern no basis upon which to overturn the denial of petitioner's grievance (see Matter of Jones v Fischer, 110 AD3d 1295, 1296 [2013], appeal dismissed 23 NY3d 955 [2014]; Matter of Delgado v Artus, 93 AD3d 1041, 1041-1042 [2012]).  Finally, inasmuch as petitioner's order to show cause set a return date of March 13, 2015 and required service of the answer at least five days before the return date, the Monday, March 9, 2015 mailing of the answer was timely (see CPLR 2103 [b] [2]; [c]; General Construction Law § 25-a [1]; Dimovich v Talev, 248 AD2d 951, 952 [1998], lv denied 92 NY2d 802 [1998]; Matter of Jones v Coughlin, 125 AD2d 883, 883 [1986]).  Petitioner's remaining contentions have been reviewed and found to be without merit.

Peters, P.J., Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court