*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                    521185
_____

In the Matter of JESSIE J.
    BARNES,
                        Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

KAREN BELLAMY, as Director
    of Inmate Grievance Program,
    et al.,
                        Respondents.
_____

Calendar Date:   January 19, 2016

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                         _____


        Jessie J. Barnes, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondents.

                         _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Franklin County)
to review (1) a determination of respondent Superintendent of
Upstate Correctional Facility finding petitioner guilty of
violating certain prison disciplinary rules and (2) three
determinations of the Central Office Review Committee denying his
grievances.

        Petitioner, a prison inmate, filed three grievances
complaining of, among other things, prison officials' failure to
place his in-cell personal property in storage while he was away
from the prison facility to attend court appearances or medical
appointments.  He claimed that his cell was subjected to multiple
searches during periods when he was absent that resulted in the

destruction or displacement of his personal property.  The Central Office Review Committee (hereinafter CORC) ultimately denied the grievances in relevant part.  Thereafter, following an unrelated incident in an infirmary, petitioner was charged in a misbehavior report with refusing to obey a direct order, destruction of state property and violent conduct.  He was found guilty as charged after a tier III disciplinary hearing.  Petitioner commenced this CPLR article 78 proceeding to, among other things, annul the prison disciplinary determination and CORC's determinations.[1]

Initially, the Attorney General has advised this Court that the disciplinary determination at issue has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge will be refunded to petitioner's inmate account.  Although not referenced by the Attorney General, in the event that petitioner has paid any or all of the $80 imposed as restitution, that amount must be refunded to his inmate account (see Matter of Jones v Fischer, 113 AD3d 1014, 1014 [2014]; Matter of Jiminez v Fischer, 107 AD3d 1254, 1254-1255 [2013]; see also Matter of Moreno v Prack, 130 AD3d 1121, 1122, [2015]).  Otherwise, inasmuch as petitioner has received all the relief to which he is entitled, that portion of the petition challenging the disciplinary determinations is dismissed as moot (see Matter of Rizzuto v Prack, 134 AD3d 1263, 1263 [2015]; Matter of Warmus v Kaplan, 133 AD3d 1026, 1027 [2015]).

With respect to the determinations denying petitioner's grievances, judicial review of the denial of an inmate grievance is limited to whether such a determination was arbitrary or

_____

[1] Petitioner also sought declaratory relief, but Supreme Court dismissed that portion of the matter and then transferred the proceeding to this Court.  Although Supreme Court should have also resolved that part of the proceeding challenging CORC's determinations, we will retain jurisdiction with respect thereto in the interest of judicial economy (see Matter of Bermudez v Fischer, 55 AD3d 1099, 1100 n [2008], lv denied 11 NY3d 714 [2009], cert denied 558 US 845 [2009]).

capricious, without a rational basis or affected by an error of law (see Matter of Nunez v Central Off. Review Comm., 126 AD3d 1248, 1249 [2015], lv denied 25 NY3d 911 [2015]; Matter of Shoga v Annucci, 122 AD3d 1180, 1180 [2014]). Here, the record, including the confidential information submitted for our in camera review, confirms that a thorough investigation of petitioner's claims was conducted by prison officials, and we find no basis to suggest that CORC's determinations were irrational (see Matter of Shoga v Annucci, 122 AD3d at 1180-1181). Petitioner's remaining contentions have been reviewed and found to be without merit.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.


ADJUDGED that the portion of the petition challenging the tier III disciplinary determination is dismissed, as moot, without costs.

ADJUDGED that the determinations denying petitioner's grievances are confirmed, without costs, and petition dismissed to that extent.


ENTER:

Robert D. Mayberger
Clerk of the Court