Appeal from a judgment of the Supreme Court (Connolly, J.), entered June 1, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review determinations of the Central Office Review Committee denying two grievances.
Petitioner, an inmate at Wyoming Correctional Facility, filed a grievance in which, among other things, he requested a transfer to Woodbourne Correctional Facility, which he described as a “mostly indoor facility.” Petitioner asserted that the transfer was needed because he is 76 years old and has multiple medical conditions, including a documented severe vision disability, arthritis and bursitis in his knees and susceptibility to cold temperatures. He also requested immediate medical attention and kosher meals. The Inmate Grievance Resolution Committee found that petitioner’s medical needs were considered prior to his transfer to Wyoming, that he had seen a doctor at the facility and was given a permit for housing to accommodate his health problems and that he should sign up for sick call if he needed further medical attention. On appeal, the facility superintendent affirmed and the Central Office Review Committee (hereinafter CORC) upheld that determination, finding that petitioner was appropriately housed at Wyoming, that his medical needs and required accommodations were documented in his records and were being addressed at recent or upcoming doctor appointments, and that his meal request had been approved. CORC also found no evidence of inadequate care or wrongdoing.
Petitioner filed a second grievance requesting permission to wear larger “big boy” handcuffs on trips outside the facility, asserting that he had previously been permitted to wear them with the bilateral wrist braces that he wears for medical reasons. CORC ultimately denied the grievance, relying on the recommendation of the Division of Health Services and on the conclusion of petitioner’s medical provider that larger cuffs *1435 were not medically necessary at that time. CORC also noted that he had permission to remove the braces for outside trips in order to apply handcuffs and could request a permit for larger handcuffs for outside trips when and if needed. Petitioner then commenced this CPLR article 78 proceeding challenging CORC’s determinations. Finding that the denial of the grievances was not irrational, Supreme Court dismissed the petition, prompting this appeal.
We affirm. “[JJudicial review of the denial of an inmate grievance is limited to whether such a determination was arbitrary or capricious, without a rational basis or affected by an error of law” (Matter of Barnes v Bellamy, 137 AD3d 1391, 1392 [2016]; accord Matter of Sinclair v Annucci, 137 AD3d 1385, 1386 [2016], lv denied 27 NY3d 909 [2016]). With regard to petitioner's request for a transfer to a specific facility, respondent has broad discretion in deciding whether to transfer inmates from one correctional facility to another, and an inmate has no right to be housed at any particular facility (see Correction Law § 23 [1]; Matter of Muggelberg v Annucci, 131 AD3d 1312, 1313 [2015]). The record supports the determination that petitioner is appropriately housed at Wyoming, which is designated in Department of Corrections and Community Supervision Directive No. 2612, § III (C) (8) as a facility that can accommodate his severe visual impairment, and that his medical needs have been accommodated and are being addressed.
Likewise, we find that petitioner’s second grievance was rationally denied based upon the opinion of his medical provider that larger handcuffs were not then needed and that his needs could be accommodated by removing his wrist braces to apply handcuffs (see Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010]). While petitioner challenged that opinion, he submitted no contrary evidence and there was nothing arbitrary about requiring him to apply for and obtain a permit for larger handcuffs based upon current medical needs, when and if the need arises. Petitioner’s remaining contentions have been examined and, to the extent that they have been preserved, we find that they lack merit.
Peters, P.J., McCarthy, Egan Jr., Lynch and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.