■ In the Matter of MITCHELL KALWASINSKI, Appellant, v CENTRAL OFFICE REVIEW COMMITTEE, NYS DOCCS, Respondent. [55 NYS3d 774]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered July 12, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's grievance.

Petitioner, an inmate at Five Points Correctional Facility in Seneca County, submitted a request to the law library for written materials pertaining to the COMPAS Risk and Needs Assessment instrument that is used in parole release proceedings and listed, among other things, specific legal treatises that he wished to review. His request was denied because such materials were unavailable as they were not in the possession of the

law library. As a result, petitioner filed a grievance. The Inmate Grievance Review Committee denied the grievance and the denial was later upheld by the Superintendent of the facility. Petitioner appealed to respondent. Upon review, respondent accepted the grievance, in part, noting, among other things, that petitioner had been provided with some documentation and that he could obtain additional materials, not available in the prison law library, through the Inmate Legal Resources Program by completing the appropriate forms. Nevertheless, petitioner commenced this CPLR article 78 proceeding challenging respondent's determination. Following service of respondent's answer, Supreme Court dismissed the petition and petitioner now appeals.

Initially, we note that judicial review of respondent's determination is limited to whether it is "arbitrary or capricious, without a rational basis or affected by an error of law" (*Matter of Barnes v Bellamy*, 137 AD3d 1391, 1392 [2016]; *see Matter of Nunez v Central Off. Review Comm.*, 126 AD3d 1248, 1249 [2015], *lv denied* 25 NY3d 911 [2015]). Here, inasmuch as the denial of petitioner's request for specific legal treatises was based on the absence of this material from the law library, it was not arbitrary, capricious or irrational (*see Matter of Ramsey v Fischer*, 93 AD3d 1000, 1001 [2012], *lv dismissed* 19 NY3d 955 [2012]). Moreover, we find no merit to petitioner's claim that the failure to provide him with the requested treatises constituted a violation of the Department of Corrections and Community Supervision's obligation under Correction Law § 20 to maintain a comprehensive collection of written material on the subject of parole in its prison law libraries. Significantly, the statute does not identify specific legal material that a prison law library is required to keep (*see* Correction Law § 20). We have considered petitioner's remaining contentions, to the extent that they are properly before us, and find them to be unavailing. Therefore, Supreme Court properly dismissed the petition.

McCarthy, J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.