■ In the Matter of JOHNATHAN JOHNSON, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent . [59 NYS3d 855]—

Clark, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 21, 2016 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Central Office Review Committee denying his grievance.

Petitioner, an inmate at Upstate Correctional Facility, filed a grievance asserting that the personnel of the facility improperly processed a letter sent to him from the Queens County Clerk's office as general incoming correspondence, as opposed to privileged legal correspondence. The Central Office Review Committee (hereinafter CORC) ultimately denied the grievance, determining that petitioner's letter was not entitled to privileged correspondence status because mail from a county clerk shall be processed as general incoming correspondence pursuant to Department of Corrections and Community Supervision Directive No. 4421. Petitioner then commenced this CPLR article 78 proceeding seeking, among other things, review of CORC's determination and an order compelling respondent to comply with Directive No. 4421 and classify his letter as privileged legal mail. Petitioner thereafter submitted seven other letters that were sent to him from the County Clerk's offices of Queens and Kings Counties, alleging that these seven letters were likewise improperly processed as general incoming correspondence, and requested that Supreme Court convert this proceeding to an action for a judgment declaring that Directive No. 4421 violated his constitutional right to access to the courts to the extent that it prohibited respondent from classifying the eight letters as privileged mail. Supreme Court denied petitioner's request to convert this proceeding to a declaratory judgment action and dismissed the petition. Petitioner now appeals.

We affirm. "Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (*Matter of Nunez v Central Off. Review Comm.*, 126 AD3d 1248, 1249 [2015] [internal quotation marks and citations omitted], *lv denied* 25 NY3d 911 [2015]; *see Matter of Barnes v Bellamy*, 137 AD3d 1391, 1392 [2016]; *Matter of Sinclair v Annucci*, 137 AD3d 1385, 1386 [2016], *lv denied* 27 NY3d 909 [2016]). Directive No. 4421, codified as 7 NYCRR 721.2, provides, in relevant part, that, "notwithstanding that a county clerk may also be a

clerk of a court, mail from a county clerk shall be processed as general incoming correspondence." The record reflects that each of petitioner's letters was mailed from a county clerk's office. As the letters were processed in accordance with the applicable directive, the denial of petitioner's grievance had a rational basis and was neither arbitrary nor capricious (*see Matter of Nunez v Central Off. Review Comm.*, 126 AD3d at 1249-1250; *Matter of Churchill v Fischer*, 105 AD3d 1282, 1283 [2013]).

To the extent that petitioner contends that Supreme Court should have compelled respondent to classify his letters as privileged legal mail, we find such contention to be without merit, as petitioner failed to make any showing of a clear legal right to have his letters so classified (*see Matter of Bottom v Annucci*, 125 AD3d 1070, 1072 [2015], *appeal dismissed* 25 NY3d 1057 [2015]; *see generally Matter of Johnson v Fischer*, 104 AD3d 1004, 1005 [2013]). We also reject petitioner's contention that Supreme Court should have converted this proceeding to an action for a judgment declaring Directive No. 4421 unconstitutional to the extent that it prohibited the letters at issue from being classified as privileged mail. Petitioner failed to demonstrate that such prohibition, if any, had in any way hindered his efforts to pursue a legal claim or otherwise interfered with his ability to access the courts (*see Ford v Snashall*, 285 AD2d 881, 882 [2001]). We have considered petitioner's remaining contentions and find them lacking in merit.

McCarthy, J.P., Garry, Egan Jr. and Devine, JJ., concur.

Ordered that the judgment is affirmed, without costs. ▮