Matter of Bruni v New York State Commn. of Corr. (2021 NY Slip Op 03881)





Matter of Bruni v New York State Commn. of Corr.


2021 NY Slip Op 03881


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

529828
[*1]In the Matter of Thomas Carl Bruni, Appellant,
v
New York State Commission of Correction et al., Respondents.

Calendar Date:May 7, 2021

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Thomas Carl Bruni, Albany, appellant pro se.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for New York State Commission of Correction, respondent.
Daniel C. Lynch, County Attorney, Albany (Joseph A. Coticchio of counsel), for Craig Apple and others, respondents.



Appeal from a judgment of the Supreme Court (O'Connor, J.), entered July 22, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Commission of Correction's Citizen's Policy and Complaint Review Council denying petitioner's grievance.
Petitioner, an inmate at the Albany County Correctional Facility, filed a grievance in which he complained that the facility's law library provided inadequate access to legal reference works and inadequate free photocopying for indigent inmates in violation of 9 NYCRR 7031.4. The grievance was denied, and that denial was eventually upheld by the Citizen's Policy and Complaint Review Council of respondent Commission of Correction (see Correction Law § 42 [b] [1]). Petitioner then commenced this CPLR article 78 proceeding to challenge the determination and the legality of 9 NYCRR part 7031. Supreme Court dismissed the petition following joinder of issue, and petitioner appeals.
We affirm. To begin, "judicial review of the denial of an inmate grievance is limited to whether such a determination was arbitrary or capricious, without a rational basis or affected by an error of law" (Matter of Barnes v Bellamy, 137 AD3d 1391, 1392 [2017]; see Matter of Reed v Annucci, 182 AD3d 883, 884 [2020], lv denied 35 NY3d 908 [2020], lv dismissed and denied 35 NY3d 1075 [2020]). The record reflects that the facility complied with 9 NYCRR 7031.4 by providing inmates with electronic access to the requisite legal reference materials, granting indigent inmates two free printed pages from those materials per day, and supplying stationery supplies for legal purposes. Contrary to petitioner's suggestion, there is no requirement that physical copies of legal reference materials be made available or that indigent inmates are entitled to a set number of photocopies free of charge (see 9 NYCRR 7031.4 [a], [b], [i] [2]; [j]). Thus, inasmuch as there was no violation of 9 NYCRR 7031.4 as alleged by petitioner, we perceive nothing irrational in the determination denying his grievance (see Matter of Kalwasinski v Central Off. Review Comm., NYS DOCCS, 150 AD3d 1514, 1515 [2017]).
Petitioner further asserts what appears to be a challenge to 9 NYCRR part 7031 as allowing a facility law library to be so inadequate that it impairs his constitutional right of access to the courts. His argument is essentially founded upon his preference for physical copies and a more expansive selection of legal reference materials. However, this falls far short of the required showing that the materials available to him actually hindered him from "pursu[ing] a legal claim or otherwise interfered with his ability to access the courts" (Matter of Johnson v Annucci, 153 AD3d 1059, 1061 [2017], lv denied 30 NY3d 904 [2017]; see Lewis v Casey, 518 US 343, 351 [1996]; Johnson v Bruen, 187 AD3d 1294, 1294-1295 [2020]). His remaining contentions, [*2]to the extent that they are based upon facts in the record and are preserved for our review, have been examined and lack merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.